ABRAHAM M. JOHNSON, Appellant, v. HIRAM BRIGHT, Appellee.

APPEAL FROM STEPHENSON.

If a party covenants with A. and B. to give them a certain share of property which may be recovered by them in ejectment, if B. leaves the country, and A. renders such service with the consent of the party, as enables him to compromise with his contestants, A. will be entitled to receive the remuneration promised to A. and B.

A. in such case would not be discharged from his obligation to prosecute the suits, although the party for whom he was acting might refuse the services of A. alone.

The use of the name of a party on the record after his death has been suggested is irregular.

And although the suits were compromised, still the liability continues.

THIS was an action of covenant brought upon a sealed instrument, being a certificate under the seal of Johnson, who was the defendant below, that he had employed Amos F. Culver and Hiram Bright, to prosecute an action of ejectment to recover certain property therein described, and that he had agreed to pay said Culver & Bright, as fees, the value of one half of said property, or one half of said property as they, (Culver & Bright,) should elect, providing they recovered said property.

The declaration sets up the agreement, and charges, that they, Culver & Bright, had commenced the suits in ejectment by filing declarations therein. That after the filing of said declarations in ejectment, Johnson settled with the persons in the possession of said land, and discontinued the suits in ejectment,

and thereby prevented said Bright & Culver from prosecuting said suits, and that Johnson had not paid the fees specified in the said sealed instrument.

The defendant Johnson interposed three pleas.

That Culver & Bright had not performed the services mentioned in said sealed instrument to be performed by them.

That said Culver & Bright had not rendered their joint services as attorneys and counsellors in said suits, agreeably to the terms of said sealed instrument.

Set-off.

The pleas all conclude to the country, and issues taken thereon as follows: "And the said plaintiff doth the like."

At the November term, A. D. 1853, the defendant's counsel moved the court for a continuance upon affidavit, which motion was overruled by the court, to which the defendant excepted. The cause was tried by a jury, and a verdict returned as follows: "We, the jury, find the issue for the plaintiff, and assess his damages to seventy-nine dollars." Whereupon, the defendant moved for a new trial, and in arrest of judgment, which motions were overruled by the court, and judgment was rendered on the verdict.

The cause is brought here by appeal.

This cause was tried at November term, 1853, of Stephenson Circuit Court, by SHELDON, Judge.

T. J. TURNER, for appellant.

F. BURNAP, for appellee.

SCATES, J. Culver & Bright, brought an action of covenant against Johnson upon a sealed agreement. Before the issues were formed, an affidavit of Culver's death was filed, and thereupon a suggestion of record entered, then a demurrer previously filed was argued and overruled; pleas filed, and cause continued. In all these proceedings and pleadings, no change was made in the entitling of the cause, but Culver's name was continued.

On the next term, the court ordered that the cause proceed in the name of Bright; a trial was had; verdict for plaintiff Bright below; a new trial, and leave to amend.

An amended declaration was filed, entitled as the first, and signed by H. Bright *in propriâ personâ*.

A demurrer to this was overruled, and pleas filed. Again, in the demurrer and pleas, the cause is entitled with Culver's name

as a party. A motion in arrest was made for this cause, and overruled and assigned for error.

It is very apparent that the use of Culver's name as a party on the record, since the suggestion of his death, has been mere inattention of the attorneys and clerk, and cannot present him as a party upon the record, which shows his death, and an express order to proceed in the name of Bright to his own use.

The affidavit for a continuance was held insufficient, and we think properly, if before us. We have not found any exception to it in the bill of exceptions, and shall not therefore state the grounds presented by it.

The main point presented, is upon the right of recovery upon the testimony.

The agreement sued on, covenants to pay Culver & Bright as attorneys one half in kind or value, at their option, of certain real estate, if recovered, which they were employed to sue for.

Culver left the country before the suits were brought, and never returned. Bright instituted the suits for the real estate, and while they were pending, Johnson compromised with all the defendants, and conveyed his interest for a certain sum of money from each adverse claimant. The whole amounted to between six and seven hundred dollars, part of which, about one hundred and forty-five dollars, was paid to Bright. The several records in the ejectment suits were properly admitted, as also the conveyances from Johnson to the several adverse claimants, all tending to show the services rendered, the disposition of the suits, and the terms, nature, and conditions of the compromise.

Two questions of importance were presented by the defence. First, that by the covenant Johnson was entitled to the joint advice and services of Culver & Bright, as attorneys in said suits, and that he is not liable under the covenant, because Culver left the country, and never rendered any service or gave any counsel or advice. This objection would be fatal, if it were not fully met and answered. But we think it is. Bright proved by a witness, and which we think admissible, that Culver verbally surrendered all his rights in the matter to him; so his equitable interests are not in the way, although his name must be used in an action upon the covenant.

The material answer, therefore, that he gives, is, that his services alone were rendered under the contract, and were acquiesced in and accepted without objection from Johnson, on that account. Johnson availed himself of the condition of the controversy after suits were brought to effect a compromise, by

which he recovered between six and seven hundred dollars. When the evidence is silent, we must reasonably conclude, and presume from this proof, that he was enabled to obtain these compromises and advantages as benefits accruing from Bright's services, in investigating his titles, and asserting them by suits. Had the compromises been the result of mismanagement, or want of legal ability, acumen, or attention on the part of Bright, acting alone, without Culver's assistance, as he now says in argument, he should have proved it on the trial. He has introduced no proof to this effect, nor has he shown that he had a good, paramount title, or that he was likely to lose it, or otherwise be injured by Bright's conduct, and therefore compromised to avoid it. We must give a rational conclusion from the testimony; and that is, that what was obtained was the legitimate fruit of the services rendered, that they were accepted as performance of the covenant, and that the compromise obtained all he was entitled to receive, or at least full satisfaction for his claims. Johnson had the right to refuse Bright's separate services under this covenant, and had he done this, no action would lie against him upon it. But it is too late, after receiving the services, and benefits from them, and preventing a completion of those services in obtaining a final decision on the titles set up by him. We think it would be allowing an advantage of his own wrong, to sustain such a defence.

Objections are taken to questions to, and the answers of two witnesses, in relation to admissions of Johnson, that one half of the money due on the compromises belonged to Bright, on the ground that parol evidence is inadmissible to prove the contents of the covenant. The principle is right, but the application is wrong. The covenant provides that Culver & Bright shall be paid, in case of recovery, one half the interest in the lots recovered, or at their option that value in money. This right of option is in the covenant, but the manner of its exercise is not. It was to be subsequently made. This admission of Johnson is competent to show that Bright had elected to take the money, and that Johnson was notified of it.

Johnson's instructions were all given. The court very correctly instructed, at Bright's instance, that Bright was not discharged from his obligation to prosecute the suits for Johnson, by Culver's ceasing to act and coöperate with him in their prosecution. While it might afford Johnson a sufficient ground of refusing the services of one alone, yet Bright's liability would remain, for any act of himself or law partner in this respect, and had he refused to render them, Johnson might have had his action.

*Judgment affirmed.*