# GEORGE A. ROBBINS *et al.*

## *v.*

# JULIETTE A. KINZIE.

1. DOWER — *mode of relinquishment of — governed by statute.* The common law mode of relinquishing the right of dower has never obtained in this State, but is purely the creature of statutory enactment.

2. SAME — *right of defined — when and how released.* Dower is not a present interest or estate in lands, but simply consists of an inchoate right, subject to conveyance only after assignment, when it becomes an estate, but may be released by the widow to the owner of the fee, or relinquished and pass with the fee in the mode prescribed by statute.

3. SAME — *release of — may occur after conveyance of the fee.* Under the act of 1853, to effect a release of the dower interest, it is not necessary that it should occur simultaneously with the conveyance of the fee. Such interest may be afterward, and during coverture, released by the husband and wife to the owner of the fee.

4. SAME — *what amounts to a release of.* K. and his wife conveyed certain lands to B., but which deed did not operate as a release of her dower right; several conveyances thereafter were made by different owners of the fee, when at last, one S., to whom they were conveyed, deeded the same to H., and he to R., S. conveying with covenants of general warranty, the right to convey and against incumbrances. Afterward, K. and his wife executed a release and quitclaim of the premises to S., by which, in terms, they released all right and claim of dower in the premises, to him and his assigns; the deed reciting, that it was made to confirm the title previously conveyed by S. *Held*, that, by such release to S., the wife's right of dower became effectually barred, and that the same inured to the benefit of the grantee of S., who was the owner

of the fee. That S., being a covenantor for title, was in privity with it, and bound to defend it, and could take such release for the purpose of answering his covenants.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. BECKWITH, AYER & KALES, for the appellants.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by Juliette Kinzie, in the Cook Circuit Court, against George A. Robbins, and a large number of other persons, for the recovery of dower, in premises described in the bill. She alleges that she was married to John H. Kinzie on the 9th day of August, 1830; that he departed this life on the 21st day of June, 1865, leaving appellee, his widow, surviving him. That during the marriage, and prior to the 30th day of June, 1834, John H. Kinzie was seized of an estate of inheritance in the premises described in the bill, and in which she claims she has never relinquished her right to dower, and that she is entitled to have the same allotted to her, and prays that such relief may be granted.

The answer admits the marriage, also the death of Kinzie, and that appellee is his widow, and that she survives him; but appellants deny that she is entitled to dower in the premises. They allege in their answer, and it appears in the proof, that Kinzie, on the 30th of June, 1834, conveyed the premises, by deed of that date, to Mark Benlien in fee, and that appellee joined in the execution of the deed; and appellants claim that she by acknowledgment of the deed relinquished her dower. That subsequently to that date, and prior to the 9th day of January, 1845, by sundry conveyances, the title to the premises in question passed to, and vested in, Mark Skinner and one Beaumont, as tenants in common, and on that day appellee attempted, without joining with her husband, to release her

356                    ROBBINS *et al. v.* KINZIE.                    [Sept. T.,

Opinion of the Court.

dower, but it is conceded that this deed was inoperative for the purpose. On the 21st of February, 1845, Skinner and Beaumont, by deed with full covenants of warranty, conveyed the premises in fee to Calvin H. Howe.

That on the 20th day of August, 1845, Howe, by a deed containing the usual covenants of warranty, conveyed the premises in fee to Allen Robbins. That on the 12th day of June, 1861, and while Robbins was seized of the title to the premises, through and under Skinner, Kinzie and appellee executed a deed of release and quitclaim, by which they, in terms, release all right and claim of appellee to dower in the premises, to Mark Skinner and his assigns. The deed also recited, that it was made to confirm the title previously conveyed by Skinner to Howe, from whom Robbins had purchased.

It is not claimed, that this deed of confirmation is defective either in its execution or the acknowledgment, or that it is wanting in any of the forms required by our statute. It is, however, insisted, that, appellee's right being but a claim, and not a title or interest in the land, it was not, after the husband had conveyed the fee, the subject matter of a transfer by the husband and wife to either the owner of the land or another; and, even if it were, the husband having previously parted with the title, they were powerless to release the widow's dower, in the premises, but if they had such power they could alone release to the owner of the fee. On the other hand, it is urged, that her right was capable of being released to the owner, and as Skinner had conveyed the premises by deed with covenants, and Robbins so held, when the deed of confirmation was executed, that, by the force of the covenants, the release operated to transfer the right of dower to the holder of the fee, precisely as if the release had been to him by name.

Our conveyance act prescribes the manner in which a married woman may relinquish her right of dower in her husband's real estate. The 15th section declares, that " a married woman may relinquish her right of dower, in any of the real estate of her husband, by joining him in a deed of conveyance, and acknowledging the same in the manner hereinafter pre-

scribed." The manner is prescribed in the 21st section of the act, which declares, " That it shall and may be lawful for any married woman to release her right of dower, of, in and to any lands and tenements, whereof the husband may be possessed or seized of any legal or equitable title during coverture, by join·ing such husband in the deed or conveyance, for the conveying of such lands and tenements, and appearing and acknowledging the same before any judge or other officer authorized to take acknowledgments, by this chapter." The remainder of this section relates to the manner in which the acknowledgment shall be made and certified.

The ancient common law mode of relinquishing dower has never obtained in this State, but it has been and still is purely the creature of statutory enactment. The mode prescribed by statute is more convenient, speedy and less expensive, and is more simple than that required by the common law. And, while the inchoate right of dower cannot be said to be a present interest or estate in lands, it is nevertheless a right fully recognized and protected by the law. And while it is not the subject of a conveyance, until it has become consummate, and has been allotted to the widow, still it may be released by the widow, to the owner of the fee, or may be relinquished and pass with the fee, in the mode prescribed by the statute.

It then becomes important to determine whether the general assembly intended to embrace this class of cases in the provisions of the act. As the statute was designed to supersede the common law, we must presume that it was the intention to enable the parties to do under the statute what they were authorized to do at the common law, unless a different intention is expressed. It will be conceded, that at common law there was no inchoate right of dower that could not be barred by a fine or common recovery. We do not understand, that, to render a fine or recovery effectual to bar the widow from the assertion of her right of dower in lands, the husband should have been the owner of the fee when it was levied. We find that it is stated, without limitation, that a wife is barred of her estate in lands by joining the husband in levying

a fine. By the common law, a recovery suffered by the husband and wife bars the wife of her dower, though she have no recompense. Pigott Com. Recov. 66; 2 Coke, 74. And Pigott says, he had heard some learned men question this, because the woman has then no estate *in esse;* but he says the same may be said against a fine, and that the common recovery estops her as a party to the suit.

The statute authorizes the relinquishment of dower in the lands of the husband, whereof he may be possessed or seized, by any legal or equitable title during coverture, by joining the husband in the deed or conveyance, etc. Kinzie was seized of the estate during coverture, and he and his wife joined in the deed to Skinner, and, so far as we can see, brought themselves within the statute, and passed appellee's dower as effectually as the levying of a fine or suffering a recovery at law would have done. The deed is within the statute, and must be held to be authorized, and if to a proper grantee, is binding, and estops appellee from asserting her claim for dower. The statute has not declared that the wife's right of dower can only be relinquished by a deed that passes a fee. It simply requires her to join in a deed for conveying the lands or tenements. This obviously refers to such instruments in form as are usually employed to convey lands. Any other construction would lead to great inconvenience and greatly clog estates, and seriously impair their value. Again, when a wife joins her husband in a deed, she should be estopped to deny that he was possessed of title thereto, such as entitled her to dower, leaving her, however, to show that the deed by some subsequent event had become inoperative to pass title.

If, however, it was doubtful whether this was the true construction of these sections of the conveyance act, the law of 1853 has removed all doubt on the subject, as it clearly and in terms recognizes the right of the wife to relinquish her right of dower. It clearly and unmistakably embraces the acknowledgments of three kinds of deeds. The first relates to the transfer or incumbrance of the husband's estate; the second, the transfer or incumbrance of the wife's real estate; and the

third relates to the conveyance of the wife's "right of dower in any lands in this State." It is true, the act refers to acknowledgments and what they shall contain, but it explicitly refers to deeds for these three purposes. And the deed of confirmation, having been made after the adoption of this act, must be governed by its provisions.

It seems to us, that there can be no doubt that this statute fully recognizes the right of the husband and wife to convey her inchoate right of dower, which may by any means have become separated from the fee, so that the grantee be the owner of that title. It, however, does not profess to change the common law, which only authorizes the release of such a right to the holder of the fee. We therefore have no hesitation in saying, that this release was well made, if to a proper grantee.

It only remains to ascertain whether this deed was so made as to operate as a release to the owner of the fee to the premises in controversy. If it so operated, then appellee's right of dower became effectually barred, and she has no right of recovery. If Skinner was a stranger to the title, the release was inopera tive, and concluded no one. Skinner had covenanted for further assurance, and there cannot be the slightest doubt that it was not only his right, but his duty, to remove all outstanding titles or incumbrances calculated to defeat the title, or impair the enjoyment of the property by his grantee. This became his duty under his covenants for title. There is no principle of the common law more firmly established than that the grantor with covenants has the right to purchase outstanding titles, and when so made, that they, by force of his covenants, inure to the benefit of his grantee. And it is equally well established, that the covenant of general warranty runs with the land, so that when the covenantor thus extinguishes an outstanding title, it inures to the person then holding the title conveyed to him by covenant. Then, as Skinner conveyed to Howe by warranty deed, and he to Robbins with such covenants, had this been any other description of title, it, upon the delivery of the deed, would have inured to Robbins who then held the Skinner title.

360       Robbins *et al. v.* Kinzie.       [Sept. T.,

Opinion of the Court.

It is said in Sheppard's Touchstone, 328, 329, that a release cannot be made operative, unless it is to a person having a freehold in deed or in law in possession; in some estate in remainder or reversion, in deed and not in right only, in fee simple, fee tail, or for life, of the lands whereof the release is made; as rights of entry and action, and the like are not transferable to strangers, but can only be thus released. It is urged that this doctrine controls the release in this case. It is, beyond doubt, a right which may be released to the owner of the fee, even under the rule as announced by Sheppard, on the contrary, inasmuch as the release by operation of the covenants inured to the benefit of the holder of the title, it fully accords with the rule. Skinner was not a stranger, but was in privity with the title Robbins held under his covenant for further assurance, and in case the title failed, in whole or in part, he was bound to make the loss good.

It is held in *Lampet's Case*, 10 Coke, 48, that a release of a mere possibility may be made to persons in privity either with the title, or with the estate. It was then said that "a right or title to a freehold or inheritance, be it *in presenti* or *futuro*, may be released in five manners:

"1. To the tenant of the freehold in fact or in law without privity.

"2. To him in remainder.

"3. To him seized of the reversion without any privity.

"4. To him who has right only in respect of privity; as if the tenant be disseized, the lord may release his services in respect of the privity and right, without any estate.

"5. In respect of privity only, without right; as, if tenant in tail makes a feoffment in fee, the donee in fee has no right; and yet in respect of the privity only, the donor may release to him the rent and all other services. So the demandant may release to the vouchee in respect of privity only; so if a tenant make a feoffment pending the writ, the release of the demandant to him is good in respect of the privity." And in the report of the case "stating the above rules, was observed the great wisdom and policy of the sages and founders of the law,

who have provided that no possibility, right, title, or thing in action, shall be granted or assigned to strangers; for that would be the occasion of multiplying contentions and suits, of great oppression to the people, and chiefly of terre-tenants; and the subversion of due and equal execution of justice."

Again, in Coke's Litt. 265 *b*, 266 *a*, it is said the general rule is, that the releasee must have a freehold in the lands, in deed or in law, at the time the release is executed. Lord Coke, in commenting on this section (447), says: " Also, in some cases, a release of a right made to one that hath neither freehold in deed, nor freehold in law, is good and available in law: as the demandant may release to the vouchee, and yet the vouchee hath nothing in the land; but the reason of this is, that when the vouchee entereth into the warranty, he becometh tenant to the demandant, and may render the land to him in respect of the privity."

He again says, in his comments on section 490, page 248, *b:* " Also a release of all the right, etc., in some case is good, made to him which is supposed tenant in law, albeit he hath nothing in the tenements. As in a *præcipe quod reddat*, if the tenant alien the land hanging the writ, and after the demandant releaseth to him all his right, etc., this release is good, for that he is supposed to be tenant by the suit of the demandant, and yet he hath nothing in the land at the time of the release made." In the next section (491), it is said: " In the same manner it is, if in a *præcipe quod reddat*, the tenant vouch, and the vouchee enters into warranty, if afterward the demandant release to the vouchee all his right, this is good enough, for that the vouchee, after he hath entered into warranty, is tenant in law to the demandant."

Of this section he says, " here it appeareth that there is a tenant in deed and a tenant in law, viz.: the tenant to a præcipe after alienation, and of the vouchee." " And it is observable that Littleton saith, that in both cases he is tenant in law to the demandant, and yet hath nothing in the land."

According to these authorities, it would seem, that there can be no question, that the release to Skinner was, in law, an

effectual bar to the assertion of the right of dower by appellee. Skinner had warranted or vouched the title, and, as Coke says, was tenant in law by reason of his covenants. When sued, Robbins had the right to call upon Skinner to vouch him, or defend the title and make good his covenants. Skinner, then, answered all of the requirements of the law, to make him such a privy to the title, as enabled him to take the release. As the covenantor for title is bound to defend the title, the law must afford him the opportunity to do so, if within his power. It would be unjust and oppressive to prevent him from acquiring an outstanding title, whether inchoate or consummate, for the purpose of answering his covenant. The law does not proceed upon such narrow or unjust principles, but affords the means to all, to act justly and to protect their legal rights by proper and legitimate means.

For these reasons we are of the opinion, that the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*