## THERESE LaFRAMBOISE

### *v.*

### NATHAN S. GROW.

1.  DOWER — *to whom it may be released.*  Before dower has been assigned, it can only be released to the owner of the fee, or to some one in privity with the title by his covenants of warranty.

2.  But where the former owner of the fee in land in which a dower right still exists, has conveyed the same, with warranty, he may purchase the right of dower for the benefit of his grantee, however remote, and thus prevent a breach of his covenant.

3.  ATTORNEY AT LAW — *whether he has a lien on the subject matter of the suit for his fees — subsequent purchaser, with notice.*  Where a widow employed an attorney to prosecute a suit for her dower in lands sold and conveyed by her husband in his life-time, the attorney to have a certain portion of what might be recovered, as his fee and for costs expended by

him, and pending the suit the widow released her dower to one who stood in the relation of warrantor of the title, it was *held,* no lien upon the land could accrue to the attorney by reason of such agreement, although a remote grantee of the fee, for whose benefit the right of dower had been acquired, had notice thereof, because the attorney held no such relation to the title as would enable him to receive an interest in the dower right.

4. Nor did any lien accrue to the attorney, independently of the agreement, under any law.in this State. An attorney has no lien on the subject matter of the suit which he is employed to prosecute, that can in anywise impair the right of his client to transfer the same to a third person *pendente lite.*

5. Same — *construction of Act of* 1869. Under the Act of 1869, providing for the fees of a solicitor who prosecutes a suit for the assignment of dower, to be taxed as costs therein, no allowance could be made to the attorney in case the complainant should release her right of dower pending the proceeding, because she could not, in that event, recover costs.

Appeal from the Superior Court of Chicago; the Hon. John A. Jameson, Chief Justice, presiding.

Mr. J. P. Atwood, for the appellant.

Messrs. Beckwith, Ayer & Kales, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The appellant filed her bill in the Superior Court of Chicago, on the chancery side thereof, against the appellee, in which she alleged that, as widow of Joseph LaFramboise, deceased, she was entitled to dower in certain premises described in the bill. To this bill an answer was filed and replication thereto.

It appears that before the cause reached a hearing, the appellant, on the 28th day of May, 1870, executed to George E. Walker, for a valuable consideration, a release for her entire interest in the south forty acres described in the bill, in which the land in controversy is situated. Afterward, on the 30th day of May, 1870, the appellee filed his cross-bill against the appellant, wherein, after reciting the former proceedings had in the case, he alleged that the appellant, by deed duly

executed, to George E. Walker, released and discharged the premises described in the bill of and from all claim of dower on her part, and that, on the 25th day of August, 1835, the said Walker and one Kinzie, claiming to be the owners of the premises, conveyed the same by warranty deed to one Campbell, and that afterward, by certain mesne conveyances, whatever interest was thus conveyed to the said Campbell was vested in the appellee.

It is admitted that the title to the premises in controversy was at one time in Joseph LaFramboise, but that he conveyed the same to Walker and Kinzie, but his wife, the appellant, not joining in the conveyance. On the 15th day of June, 1870, Cyrus D. Roys, solicitor for the appellant, filed his petition in said cause, wherein he alleges that the appellant, being entitled to dower in certain lands formerly owned by her husband, entered into an agreement in writing with Archibald F. McGrew and Augustus C. Van Duyn, whereby she agreed to and with the said McGrew and Van Duyn that, in consideration of the services rendered and to be rendered by them in prosecuting her claim for dower in said lands, they should have two-thirds of whatever lands they might recover, or two-thirds of whatever might be recovered of her claim or interest, by suit or compromise, to their own use.

At the same time, July 21, 1868, she executed to the said McGrew and Van Duyn a power of attorney, declared to be irrevocable, to enable them to do, in her name, all things that might be necessary to sue for and recover her dower interest in any lands in which she might have an interest. By the power of attorney they were authorized to appoint one or more attorneys under them, as they might deem necessary, to the efficient prosecution of her interest. The letter of attorney and agreement were recorded in the recorder's office in Cook county, and it is alleged that the complainant in the cross-bill had notice of the same. The petitioner, Roys, alleges that the said McGrew and Van Duyn appointed him their attorney to institute and prosecute this suit, and under the authority thus con-

ferred he did institute this suit; that he has advanced all expenses necessary to sustain it, and has become liable by his individual bond for all costs that may accrue. The petitioner therefore asks to have his interest in the lands protected, and in case the release shall be held good as to appellant, that it shall not be held to operate against his interest, and that the court, by a proper decree, will subject the land to the lien of his interest.

On the final hearing the court dismissed the original bill and rendered a decree in favor of the appellee, to reverse which this appeal is now prosecuted.

The appellant makes three points on which it is sought to reverse this decree :

1st. That the complainant in the court below was entitled to dower in the premises.

2d. That the contract between the appellant and her solicitor is valid.

3d. If the release should be held good as to the appellant, the court erred in not protecting the interests of the solicitor.

It is unnecessary to discuss the question in this case, whether the appellant had a dower interest in the premises at the time of filing the bill. That question now becomes immaterial, except so far as it may affect the claim of the solicitor for fees and costs.

It is admitted in the evidence that the release to George E. Walker was fairly obtained and for a valuable consideration. No objection is made to the manner or form of executing the release of dower. Walker stood in the relation of a warrantor of the title to the premises, and in privity with the title, so that when it was assailed he could properly buy in the incumbrance for the benefit of the grantee holding his covenants of warranty. No reason is perceived why a party who has thus warranted a title should not be permitted to buy in an outstanding incumbrance for the benefit of his grantee, however remote, and thus prevent a breach of his covenants. It was so held in the case of *Robbins et al. v. Kinzie,* 45 Ill. 354, upon a full review of the authorities on that question. The dower

could only be released, before the same was assigned, to the owner of the fee, or to some one in privity with the title by his covenants of warranty. The release in this case was fairly obtained and for a valuable consideration, and was made to a party who stood in such relation to the title that he could in law receive it for the benefit of the remote grantee, and it must therefore be held to bar the appellant's right to recover, even admitting that she had dower at the time of filing her bill.

The appellant having parted with her interest, in a lawful manner, in the subject matter of the suit, *pendente lite*, did the solicitor acquire any lien for fees and costs expended?

The answer to this inquiry will make it necessary to examine the nature and extent of the lien for attorney and solicitor's fees, and in what cases allowed.

It is apparent in this case, that if the solicitor has a lien on the premises for his fees and costs expended, it is not under the agreement of appellant with McGrew and Van Duyn, for they stood in no such relation to the title in fee in the premises as would enable her to assign her dower interest to them. They could take no interest whatever in the land itself by their agreement. It was, therefore, wholly immaterial whether the appellee had notice of the agreement or not, between the appellant and her solicitor. The contract could perform no other office than to determine the extent of the interest that the solicitor could recover, in the event he recovered any thing for the appellant by suit or otherwise.

If, then, the solicitor had any lien at all, it must be at the common law or under our statute. At common law the attorney undoubtedly had a lien upon the judgment obtained for his clients for his taxable fees and costs. But, it has been held in this State, that no such lien exists, for the reason that we have no statute giving costs to attorneys. The amount of attorney's fees here rests entirely in the contract between the attorney and client, and he must recover for his services in the ordinary mode, by some appropriate action for that purpose. In the case of *Humphrey* v. *Browning*, 46 Ill. 476, it

was held, that an attorney had no lien on the real estate recovered in an action of ejectment for his client, for his fees as an attorney.

In *Forsyth v. Beveridge*, 52 Ill. 268, upon a full review of the authorities to which our attention has been directed in this case, it was held, that an attorney in this State has no lien for fees even after judgment obtained.

We have been unable to find any case that holds that the attorney or solicitor ever had a lien on the subject matter of the suit for his fees. A plaintiff may properly compromise his cause of action with the defendant, and the defendant will not be bound to inquire whether the plaintiff has paid his counsel fees, although the matter may be pending in a suit. This principle was fully recognized in the case of *Foot et al.* v. *Tewksbury*, 2 Vt. 97. In that case the court say, "but no case is shown, nor is any recollected by the court, in which this principle interposes to prevent an amicable adjustment of a litigated suit before final judgment in the same." Any other rule would be unreasonable and would often prevent the adjustment by the parties themselves of litigated controversies.

In the case now before us it appears very clear that the solicitor who claims a lien on the interest that the appellant may have had in the subject matter of the suit, was the solicitor of the appellant, and rendered her very valuable services, and we can see that it was through his services that she was enabled to effect the compromise that she did. But there was no decree, nor could there be any, for the reason that the appellant had released all her interest in the subject matter of controversy before final decree, and there was, therefore, nothing to which a lien could attach, even if any such lien existed.

We do not understand that a court of equity will ever award counsel fees or costs against a defendant on the dismissal of the bill, unless there remains a fund to be administered. If costs are to be given at all, it must be by a personal decree. *Westcott* v. *Culliford*, 3 Hare, 275.

In the case under consideration, there was no fund remaining

under the direction and control of the court out of which costs and counsel fees could be awarded.

We are unable to perceive that the case of *Johnson* v. *Bright*, 15 Ill. 464, to which our attention has been called, has any bearing whatever on the question before us. That case simply holds that where a party employs attorneys to bring a suit for him for a stipulated consideration, and the party compromises with his adversary before final judgment, the attorneys could recover in an action on their agreement with the party. The case does not recognize any lien on the subject matter of the suit in favor of the attorneys. No such question is even discussed in the case. We are unable to perceive that the other cases in this State, to which our attention has been called, have any possible bearing on this case.

But it is insisted that under the act of 1869, page 368, it was the duty of the court to make a proper allowance to the solicitor for his services in cases of this kind. It will be perceived, by reference to the phraseology of the statute, that the counsel fees provided for are to be taxed as part of the costs in such proceeding. The appellant in this case, having released her interest before final decree, could not recover costs against defendant, and therefore no solicitor's fee could be taxed. We do not see how the statute can aid the claim of the solicitor.

Inasmuch as appellant had released whatever dower interest in the premises she may have had, to a party who could lawfully take such release, the bill was properly dismissed as to her.

The solicitor did not acquire any interest in the estate itself, by virtue of the contract between the appellant and McGrew and Van Duyn, under which he rendered the services and advanced costs, nor did he acquire any lien on the subject matter of the suit by the common law, or under our statute, and his petition was, therefore, properly dismissed.

Perceiving no error in the record the decree is affirmed.

*Decree affirmed.*