MORTON B. HULL

*v.*

JOSEPH O. GLOVER.

*Filed at Ottawa October 2, 1888.*

1. RATIFICATION—*as to deed by officers of a corporation—action of the stockholders as amounting to a ratification.* The members of an incorporated land company, in order to avoid the question of the authority of the corporation to deal in lands, in pursuance of a general scheme, and for the purpose of placing its lands in the hands of trustees appointed to represent a new company, by the president and secretary of the corporation, and under the corporate seal, conveyed all its lands to a corporator, who conveyed to the trustees. There was no proof of any resolution or other action of the corporation, as such, authorizing the deed, but it was shown that all the stockholders, who conveyed to the trustees and surrendered the stock in the old corporation, took shares in the new company thus formed: *Held*, that the action of the stockholders amounted to a ratification of the deed of the president and secretary of the corporation.

2. SAME—*as to a conveyance under a power of attorney.* A deed under a power of attorney authorizing the attorney to sell and convey property, is not invalid, as being a conveyance, only, without any sale, where the deed purports to ratify the acts of a corporation of which the grantor is a member, in selling and conveying the same land, and when the grantor subsequently ratifies the act of his attorney by his own action.

3. RELEASE OF DOWER—*by deed, under power of attorney.* Where a wife joins her husband in the execution of a power of attorney for the sale and conveyance of lands owned by the husband, for the express purpose of relinquishing her dower, and a conveyance is made by the attorney under such power, it will be effectual, under the act of 1869, to bar any right of dower the wife may have had in the land.

4. SAME—*to whom dower may be released.* The right of dower may be released to the owner of the fee, or to any one in privity with the fee, under the same title, as, to a warrantor in the chain of title, who may receive the release in discharge of his covenant of warranty and for the benefit of his grantee, however remote.

5. BURDEN OF PROOF—*to show title—on bill by the vendor for specific performance.* On bill by the vendor for the specific performance of a written contract for the sale and conveyance of land, when abstracts are to be furnished showing a good and merchantable title, the burden of proof will rest on the complainant to show that he has and can convey to the other party a "good and merchantable title."

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. HOYNE & FOLLANSBEE, for the appellant.

Mr. B. C. COOK, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The only question presented by this record is as to the sufficiency of the title to the tract of land agreed to be conveyed by appellee, Glover, to appellant, Hull. The burden was upon appellee (complainant below) to show that he had and could convey to appellant a "good and merchantable title," as was agreed to be conveyed by him; and this, by stipulation of the parties filed in the cause, was to be determined by the court, from the abstracts filed in the cause, and the proofs heard before the master, to whom the cause was referred. It is conceded that the title to the land in question was in Cyrus H. Bentley, who, joined by his wife, conveyed the same, by general warranty deed, to Joel D. Harvey, August 13, 1872.

It appears that certain persons, having in contemplation the organization of a corporation to purchase, hold and sell lands, had furnished money to said Harvey to purchase, and with which he did purchase, lands, including the tract in question, it being understood by said persons that the title should be taken in Harvey's name, to facilitate its transfer. The contemplated corporation was organized, and certificate of incorporation issued September 10, 1872, which was recorded October 2, 1872, in Cook county, and certificates of shares of stock therein issued to the various persons who had advanced money to Harvey with which to purchase said lands, equal to the amount they had severally so advanced. Said Harvey, by an instrument bearing date September 9, 1872, acknowledged and recorded December 17, 1872, made a declaration of trust in favor of said incorporation, in which he set forth the purchase of said lands with the money of the incorporators, and that he held said lands and titles in trust, solely for the use and benefit of said corporation. Although it appears by the recitals in subsequent conveyances, that said Harvey also executed a deed to said corporation, conveying said lands, no such deed or conveyance is shown, otherwise than by such recital. It is, however, wholly unimportant, in the view we have taken of this case, whether the legal title was attempted to be conveyed to the corporation, or remained in said Harvey, and no discussion thereof is required. It appears that doubts arose as to the power of the corporation to take and hold these lands, and it was determined by the parties interested, to abandon the corporation, and to form a private association for that purpose. Accordingly, articles of association were entered into, by and between all the persons who had contributed money for the purchase of said lands, or who were stockholders in said corporation, the promoters of the corporation surrendering their certificates of stock therein, and receiving therefor certificates of shares in said association. The title to the real estate of the association was to be held by three trustees

named in the articles of association. As a means of effecting the object sought to be attained, of vesting the title to all the lands purchased and held, as above mentioned, in the said trustees, for the uses and purposes of the association, the corporation, under its corporate seal, executed a conveyance of all the lands mentioned in the declaration of trust in its favor, made by Harvey, to Joel D. Harvey, and the same was signed and acknowledged by the president and secretary of the corporation. At the same time, all the persons contributors toward the purchase of the lands, and also stockholders in the corporation, joined in the execution of the articles of association, and, with their wives, severally united in a deed of conveyance to Joel D. Harvey, of the same lands, and this was followed by a conveyance, by Harvey and wife, to the three trustees named in the articles of association, conveying all the lands before mentioned; and the title thus acquired by said trustees was, by a warranty deed executed by the two surviving trustees, Goodman and Porter, conveyed to appellee.

Numerous suggestions and queries are made by counsel for appellant, the consideration of which we do not regard as necessary to the determination of the case presented by this record. One point of contention, however, would seem to be, that neither the equitable nor legal title became vested in the corporation by virtue of any conveyance or declaration of trust by said Harvey, for the reason, first, that said corporation, although regularly licensed, was incapable, in law, of taking or holding real estate; second, (the presumption being that the declaration of trust before mentioned was made on the day it bears date,) that the corporation was not then in existence, and therefore could not take, and this being so, that Harvey was a naked legal trustee, holding the legal title to the land for the use of the persons who had advanced money to the purchase of the same, and that under the Statute of Uses, the use was executed, and the fee vested in the *cestuis que trust.* The determination of these questions being unnecessary to the proper

decision of this case, as it seems to us, however interesting, must also be eliminated from the discussion, for, as we·shall hereafter find, in either of the events suggested, the legal and equitable title became vested in appellee by the several conveyances shown.

It is insisted that the conveyance from the corporation to Harvey was ineffectual to divest the corporation of any title which it may have acquired to these lands, if, in law, it acquired any, for the reason that the president and secretary are not shown to have been authorized to make said conveyance, by any action of the corporation or of the stockholders, or by the by-laws of the corporation. The deed in question from the corporation to Harvey, it is apparent from the recital therein, and from proof in this record, was made for the sole purpose of reinvesting Harvey with the title to the lands mentioned, that he might convey "a clear and undoubted title" to the trustees of the association, who, in that capacity, represented every stockholder of the corporation. If it be conceded that the deed was made by the president and secretary of the corporation without authority, it is clearly shown that it was made in pursuance of the scheme entered into by all the stockholders to abandon the corporation and to organize the association, which should, representing each alike, by its trustees, take, hold and convey the title to all the property of the corporation, if any had been vested therein; and it is equally clear, that upon the organization of the association, and conveyance by Harvey to the trustees thereof, the several stockholders in the corporation surrendered their stock therein and accepted corresponding certificates of shares in the association, with the purpose and intention of abandoning the corporation and of investing the association, through its trustees, with all the rights, titles and interest which the said corporation, or they, as stockholders thereof, had in and to said lands. Such action on the part of the stockholders would, of itself, amount to a ratification of the deed made by the president and secre-

tary for the purposes for which it was made. But we are not left to this, alone, in determining whether the deed made by the president and secretary was the deed of the corporation, for, executed substantially with it, and to carry out the purpose and intent before mentioned, the individual stockholders, and all of them, as is clearly shown, joined in the conveyance of said lands to the same grantee, Harvey, for the same purpose expressed in the deed of the' corporation, and showing conclusively, by recitals therein, that the purpose and intent, because of doubts as to the legal capacity of such corporation to take and hold lands, was to invest the trustees of the association by them formed, with said title. The recitals in both these instruments leave no room for doubt that they were both made for the purpose of investing said trustees of the association.with every right, title and interest, legal or equitable, in the lands purchased by Harvey, as before mentioned, for the purposes declared in the articles of association.

No doubt will arise or be entertained, that the deed executed by the president and secretary, under the corporate seal of the corporation, would be effectual to convey the title and interest of the corporation in the lands described, had its execution been authorized by a resolution of the stockholders. Here, as is seen, cotemporaneously with the action of the officers of the corporation, is the act of the stockholders themselves, seeking, in the most formal manner, to effectuate the same purpose. There was here, we think, a most complete ratification of the act of the officers of the corporation by the only persons having a beneficial interest in the corporation itself, or its properties. The deed made by the individual stockholders, (and being the same persons, and all the persons, as shown by the evidence taken before the master under the stipulation referred to, that contributed money for the purchase of the land,) if properly executed, it is not questioned, was effective to convey whatever individual interest, legal or equitable, said persons had in said real estate. It is apparent,

we think, that whether the title to these lands had become vested in the corporation or in the individuals contributing the purchase money, and embracing all the stockholders of the corporation, the same was, by the one or the other of these conveyances, or by both, reinvested in Joel D. Harvey, and, through him, in the trustees of the association.

But it is contended that the deed of the stockholders, as respects the interests of Emma A. Keep, one of said stockholders, was ineffectual to pass her interests, if any she had in the land. The conveyance was executed by her attorney in fact, who was, by her power of attorney duly executed and acknowledged, authorized to sell and convey the property in question. The only contention is, that the act of the attorney was a conveyance only, while the power was to sell and convey. The conveyance was clearly within the power. Therein, she expressly ratified the acts of the corporation in selling and conveying its lands, and authorized her attorney to join in executing the articles of association, etc., for the expressed "purpose of carrying out the purposes of said association in selling said lands and distributing the proceeds thereof." Moreover, the act of the attorney was ratified by the principal in surrendering her stock in the corporation, and accepting in lieu thereof certificates of shares in the association. The transfer of the interest of this stockholder was upon the consideration before mentioned, in which all the stockholders participated, and of the certificate of shares to be issued to her in the association.

The same objection is urged to the execution of said deed by Henry H. Porter, and Eliza T. Porter, his wife, who also executed the same by their attorney in fact. The power of attorney, in which the wife joined with the husband, duly executed and acknowledged, empowered the attorney to grant, bargain, sell and convey the lands, etc., and to relinquish all dower and right of dower said Eliza T. Porter "now has or may have" therein, etc. What has been said in respect of the

execution of said deed by Keep, applies with equal force in this instance. Besides this, Porter, as one of the trustees of the land company, received the deed from Harvey, of this land, upon the uses and trusts specified in the articles of association, and which, by recitals therein, shows that he, in common with all of the stockholders of the corporation, had reconveyed to said Harvey whatever interest they had or might have acquired, either by being stockholders in said corporation or as having advanced money for the purchase of said lands, and that the purpose thereof was to convey a title to said trustees which should be free from doubt or suspicion; and acting as trustee of said association, deriving title through said deed alone, he, by warranty deed, for a valuable consideration, conveyed to appellee. He would, we think, be estopped to assert title against his grantee. The right of dower of the wife is not the subject of conveyance until it becomes consummate, and is admeasured to her; yet she may release it to the owner of the fee, or to any one in privity with the title. (*LaFramboise* v. *Grow*, 56 Ill. 197.) The statute in force at the time of the execution of this power of attorney, and of the deed thereunder, provided that a wife joining with her husband in the execution of any deed, mortgage, conveyance, power of attorney, or other writing of or relating to the sale, conveyance or other disposition of land or real estate, shall be bound and concluded by the same, in respect of her right, title, claim, interest or dower in such estate, as if she were sole, and the acknowledgment of such deed, conveyance or power of attorney, or other writing, may be the same as if she were so. (Laws of 1869, p. 359, sec. 1.) Mrs. Porter joined her husband in the execution of the power of attorney for the express purpose of relinquishing her dower, and the conveyance made was effectual to bar any right of dower she may have had in or to the lands in question.

It is further objected, that appellee is unable to convey a good and merchantable title, because, as it is said, Mrs. Mary

A. W. Ferry, widow of William H. Ferry, deceased, has, as such widow, dower in said tract of land. Mr. Ferry was one of the original promoters of the scheme, a stockholder in the corporation and trustee of the association, and, as such, accepted the deed from Harvey, before mentioned, but died prior to the conveyance to Glover. In the deed of September 21, 1873, mentioned as the deed from the stockholders and persons who had advanced money with which to purchase the lands in question to Joel D. Harvey, the said William H. Ferry, and Mary A. W. Ferry, his wife, were grantors, and duly executed and acknowledged the same. By this deed the grantors grant, sell, remise, release and quitclaim all right, title and interest in said lands, and the object of making the conveyance was therein expressed to be "for the purpose of enabling said Harvey to convey to said trustees of said private association, a title which shall be free from all doubt or suspicion." While it may be said that the law favors dower, yet, as said by this court in *Johnson* v. *Montgomery*, 51 Ill. 185, this is certainly not so "where the claimant has once sought, in good faith, and for a valuable consideration, to relinquish it, and has done whatever, at the time, was supposed to be necessary to make such relinquishment complete." No reason is pointed out or suggested why the right of dower of Mrs. Ferry is not barred by said deed. But if this is not so, on the third of October, 1885, Mrs. Ferry made, executed and delivered to the trustees of said association, and grantors of said Glover, a deed of release of all right of dower in the lands in question, which, it is not questioned, was sufficient to bar her dower, if the title had then been in said trustees. It is, however, insisted, that they having parted with the title, no release of dower could be made to them, but could only be effective when made to the owner of the fee, and the cases of *Blain* v. *Harrison*, 11 Ill. 384, and *Summers* v. *Babb*, 13 id. 483, are cited as sustaining that position. It is said in *Chicago Dock Co.* v. *Kinzie*, 49 Ill. 294, that the rule in those cases is stated

too broadly, if it was there intended to hold that the right of dower can only be released to the owner in fee. The dower may be released to the owner of the fee, or to any one in privity with the fee, under the same title, as, to a warrantor in the chain of title, who may receive the release in discharge of his covenant of warranty and for the benefit of his grantee, however remote. (*La Framboise* v. *Grow, supra; Chicago Dock Co.* v. *Kinzie, supra; Robbins* v. *Kinzie,* 45 Ill. 354.) When, therefore, Mrs. Ferry released to the trustees of said association her right of dower, it inured to the benefit of appellee, with like effect as if made to him.

It is also objected that there is an outstanding interest in Otis R. Glover. A recapitulation of the facts will not be necessary. It is clearly shown that in the subscription of Willard, as trustee, Otis R. Glover was, in fact, the *cestui que trust,* although undisclosed by the subscription. Willard joined in the general stockholders' deed to Harvey, before commented upon, both in his individual capacity and as trustee. Without pausing to discuss the relation of the *cestui que trust* to the land in question, or determining whether his interest was represented by any interest in the land, or by a certificate of stock in the corporation, which should be treated as personal property, (*Nicoll* v. *Ogden,* 29 Ill. 333,) it is sufficient to say, that the act of his trustee in conveying said land to said Harvey has, as said by counsel for appellee, been over and over again ratified by the *cestui que trust.* Some of these acts of ratification are: First, after said conveyance he took an assignment from his trustee of the certificates of stock in the corporation; second, he surrendered for cancellation said stock in the corporate company, in 1874, after the organization of the association, and there was issued to him certificates of shares in lieu of such certificates of stock surrendered; and third, subsequently to the commencement of this suit, by a quitclaim deed of all his right, title and interest of the land in question, to appellant, Hull. The deed last mentioned was admitted in evidence

by agreement of the parties, and no objection was pointed out or perceived by us affecting its sufficiency to convey to said Hull any interest said Glover could have had in said land.

It is, however, suggested, that said Glover may have conveyed his interest prior to the execution of said deed. A sufficient answer is, there is no pretense that any such conveyance was ever made, nor is any one in possession or asserting title under said Glover.

It clearly appears, as we think, from the abstract and evidence produced before the master, that appellee's deed conveyed to appellant a "good and merchantable title to the tract of land in question," and that he was in equity entitled to a specific performance of the contract on the part of appellant.

The decree of the circuit court is therefore affirmed.

*Decree affirmed.*