# MELOY v. MELOY.

1. An attorney at law having money of a deceased client in his hands is entitled to deduct and retain a fair and reasonable compensation for professional services performed upon a settlement of accounts.

2. An attorney has a lien on money in his possession collected for his client to secure a reasonable compensation for professional services and disbursements, and may retain enough of the money to pay the general balance due him for such services and disbursements, although rendered and made in different suits or litigations, and the lien secures charges for services performed for a deceased client, as well as those performed for the representative of the estate of the decedent.

No. 1454.  Submitted October 14, 1904.  Decided November 1, 1904.

HEARING on an appeal (specially allowed) by the plaintiff from an order of the Supreme Court of the District of Columbia denying a motion for judgment under the 73d Rule of that court.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal, taken from the refusal of the court below to enter a judgment for the plaintiff, Arthur N. Meloy, executor of Isabella N. Nourse, under the 73d rule of that court. The action is one of assumpsit brought by the appellant as executor under the will of Isabella L. Nourse, deceased, against the appellee, William A. Meloy, to recover the sum of $500, with interest.  The declaration contains the common money counts, and with the declaration was filed a brief account or claim for $500, for money received by the defendant for the use and benefit of the deceased, with interest; and there was also filed with the declaration an affidavit by the plaintiff, wherein it is stated that the testatrix died January 18, 1902, and that she left

in the possession and control of the defendant a large and valuable amount of property, including a large sum of money, to wit, the sum of $2,530.87. That the defendant had, for many years prior to the death of the testatrix, acted as trustee and agent for the deceased; and that the defendant paid over to the plaintiff as executor the sum of $2,030.87, but retained and refused to pay over the remaining $500, for which the action is brought.

The defendant pleaded, 1st, never indebted as alleged; 2d, former adjudication on the merits of the claim; and 3d, set-off. With these pleas was filed an affidavit of defense, wherein it is stated that the deceased was indebted to the defendant in an amount largely in excess of the $500 retained by him and which is sued for in this action, as just and reasonable compensation for professional services rendered by him as attorney at law for the testatrix, and for expenditures made in and about the same at her request; and that all the moneys in his hands at any time were collected and received by him in his capacity of attorney for the deceased, and that he has a valid lien upon the money sued for, and that he has a right to retain the same until he is duly compensated for his services rendered. Under an order of court, the defendant filed a lengthy statement in regard to certain legal proceedings, as and for a bill of particulars; but which was unsatisfactory to the plaintiff; and the latter thereupon moved the court for judgment under the 73d rule of the court, but which motion the court overruled, and it is from that refusal of the court that this special appeal has been taken.

*Messrs. Cole & Donaldson* for the appellant.

*Mr. William A. Meloy,* the appellee, appeared in proper person.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

We think this refusal of the plaintiff's motion was proper, under the circumstances disclosed by the affidavits of the parties. The defendant is shown to have been the agent and attorney of

the deceased for several years prior to her death, and to have had in his hands and under his control a large amount of property, including a considerable sum of money. It is not pretended that the services rendered in respect of this money and property by the defendant were to be gratis. And, having the money in his hands as attorney and agent, the defendant was entitled to deduct and retain a fair and reasonable compensation upon settlement of accounts. The question is, What is a fair and reasonable amount to which he is entitled for the services rendered; and this without regard to the question of lien, by which the defendant, as agent or attorney, might claim to hold the balance in his hands until full compensation be made? *Dubois's Appeal,* 38 Pa. 231, 80 Am. Dec. 478; *La Framboise* v. *Grow,* 56 Ill. 197; *Forsythe* v. *Beveridge,* 52 Ill. 268, 4 Am. Rep. 612; *Hill* v. *Brinkley,* 10 Ind. 102; *Frissell* v. *Haile,* 18 Mo. 18. But the defendant is entitled to a lien upon the fund in his hands, for whatever amount may be due him for fees, and for disbursements made by him, as agent or attorney. Story, Agency, §§ 351, 352, 354, 383.

It seems to be a well-settled principle that an attorney at law has a lien on money in his possession collected for his client, to secure a reasonable compensation for professional services and disbursements, and that he·can retain enough of the money to pay the general balance due him for such services and disbursements, although rendered in different suits or litigations. And it has been held that, in case where the client has died before the termination of the relation of client and attorney, the lien secures charges for services performed for the deceased as well as those performed for the representative of the estate of the deceased. *Hurlbert* v. *Brigham,* 56 Vt. 368.

In the case of *Re Paschal* (*Texas* v. *White*), 10 Wall. 483, 19 L. ed. 992, it was held that the attorney or solicitor, who is counsel in a cause, has a lien on moneys collected therein for his fees and disbursements in the same and in any suit or proceeding brought to recover other moneys covered by the same retainer. In that case, it was said by the court that "the lawyer in charge of a case acts both as solicitor and counsel. His serv-

ices in the one capacity and the other cannot be well distinguished. And, as a general rule, counsel fees, as well as those of attorney or solicitor, constitute a legal demand for which an action will lie. And whilst, as between party and party, in a cause, the statutory fee bill fixes the amount of costs to be recovered, as between attorney or solicitor and client, a different rule obtains. The claim of the attorney or solicitor in the latter case, even in England, extends to all proper disbursements made in the litigation, and to the customary and usual fees for the services rendered." And in the same case it was said: "If no dishonesty appears the party will be left to his action. The attorney may have cross demands against his client, or there may .be disputes between them on the subject proper for a jury or a court of law or equity to settle. If such appear to be the case, and no professional misconduct be shown to exist, the court will not exercise its summary jurisdiction." In this case, we think the claim involved is one that is peculiarly appropriate for a jury to determine, under the pleadings in the case. We shall therefore affirm the order of the court below, and remand the cause for further proceedings.

*Order affirmed and cause remanded.*