51 185
126 130
51 185
136 20
51 185
142 399
143 357
144 222
51 185
91a 198
51 185
195 285

ELIZA JOHNSON

*v.*

JOSEPHINE M. L. MONTGOMERY *et al.*

1. DOWER—*what considered a valid relinquishment of.* On the 26th of January, 1853, J, a resident of the State of Ohio, executed, in that State, a deed conveying certain lands in this State to I. J's wife signed the deed with her husband, and duly acknowledged the same before a proper officer. The certificate was in proper form, in all respects conforming to the requirements of the statute, but the body of the deed did not describe her as a grantor, nor name her or her dower in any mode whatever: *Held,* in a suit by J's widow, to obtain dower in the premises so conveyed, that this deed amounted to a complete and valid relinquishment of her dower, under the act of 1845, and that, independently of the act of 1847.

2. SAME—*to what extent the law favors.* It is said that the law favors dower, but it is not to be understood, by such remark, that the law favors a claim of dower which the claimant has once sought, in good faith and for a valuable consideration, to relinquish, and has done whatever at the time was deemed necessary to make such relinquishment complete.

3. SAME —*need not contain apt words of grant used on the part of the wife—for the purpose of relinquishing dower.* Under our statute, it is not necessary that the wife, joining her husband in a conveyance of his property, should use apt words of grant in her own name, and apply them in the body of the deed, for the purpose of relinquishing her dower.

4. SAME—*relinquishment of—statutory requirements.* In order to make a complete and valid relinquishment of dower, the statute only requires that the wife shall sign the deed with her husband, and properly acknowledge it. She must undergo the separate examination which the law requires, of which fact the officer before whom such examination is had, must properly certify.

5. SAME—*of the mode in which a deed must be executed to bar dower.* The question as to the mode in which a deed must be executed in order to bar dower, is purely a matter of local law, resting on the construction of our own statutes, upon which the decisions of courts in other States can have little weight.

6. A married woman, by signing her husband's deed, " joins " in it, and if she is properly examined before an officer, and causes his certificate of that fact to be placed upon the deed, her dower in the premises is barred, notwithstanding her name nowhere appears in the body of the deed.

APPEAL from the Superior Court of Chicago.

This was a suit in chancery, brought by the appellant, Eliza Johnson, against Josephine M. L. Montgomery and Edgar H. Montgomery, the appellees, by petition, claiming dower in lot No. 41, in Johnson's subdivision of part of the south-east fractional quarter of sec. 27, town 39 north, range 14 east of the 3rd p. m., in the city of Chicago, Cook county, as the widow of William F. Johnson. On the hearing in the court below, the petition was dismissed, and the record is now brought to this court on appeal.

The further facts in this case are stated in the opinion.

Mr. WM. ELLIOT FURNESS, for the appellant.

Messrs. WAITE & CLARKE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This record presents the question, whether dower is barred by a deed duly executed on the 26th of January, 1853, in the State of Ohio, conveying lands of the husband, situate in this

State, the wife having signed the deed with her husband and duly acknowledged the same before a proper officer, thereby professing to relinquish her right of dower, the certificate being in all respects in proper form, and stating that she acknowledged the execution of the deed, and relinquished her dower in the premises, but the body of the deed not describing her as a grantor, nor naming her or her dower in any mode whatever.

It is sometimes remarked by courts, that the law favors dower, but it certainly is not meant by this that the law favors a claim of dower which the claimant has once sought, in good faith and for a valuable consideration, to relinquish, and has done whatever at the time was supposed to be necessary in order to make such relinquishment valid and complete. That the petitioner in this case, as well as the grantee in the deed, supposed she was making a valid relinquishment, and acted on that belief, does not admit of doubt. If, then, our statute is of doubtful construction, this and kindred cases are not of a character to require such doubts to be solved in favor of the claim of dower.

Much stress is laid, in the argument of appellees, upon the second section of the act of 1847, in regard to deeds executed by married women out of this State, but independently of that statute, we are of opinion this deed and acknowledgment amount to a valid relinquishment of dower under the act of 1845. The act of 1847 refers not only to deeds executed by married women out of the State, for the purpose of releasing dower, but also to cases where the fee is in the wife, and what would be the effect in such cases of such a deed as that before us, is a question we do not propose to decide.

As already stated, however, we are of opinion this deed shows a valid relinquishment of dower, independently of the act of 1847.

The counsel for appellant cites several cases from Massachusetts and Maine, in which it is held that a deed of this character, not containing apt words of grant on the part of the

188        JOHNSON *v.* MONTGOMERY *et al.*        [Sept. T.,

Opinion of the Court.

wife, would not pass her dower, and the case of *Leavitt* v. *Lamprey*, 13 Pick. 382, is especially cited as holding that even where the wife is expressly mentioned in the deed by her proper name and description as executing it, yet it is, nevertheless, held insufficient to bar her dower, for the reason that the body of the deed contained no words of grant used for that purpose. But we find, on reference to the Massachusetts statutes, that their language is very different from that of ours, and while it was construed by their courts as requiring that the wife should appear in the body of the deed as a grantor, on the other hand it was not necessary that the certificate of acknowledgment should show either a privy examination, or that the contents of the deed were explained to her by the officer, or that she acknowledged to the officer that she executed the deed and relinquished her dower in the premises therein named, freely, voluntarily, and without the compulsion of her husband. In fact, no stress was laid upon the examination and acknowledgment before an officer and his certificate thereof, and in this regard the husband and wife stood upon the same footing. Indeed, it is stated in 2 Hilliard's Abr. c. 34, sec. 45, that a wife need not acknowledge the conveyance when she joins with her husband.

The language of the statutes of Maine was substantially like that of the Massachusetts laws, and received a similar construction. The courts of Ohio and Indiana, in following these decisions in the cases cited by counsel, seem to have done so without adverting to the phraseology of the laws upon which these decisions were based.

In this State, the legislature provided, in the 21st section of the statute of conveyances, that a married woman might relinquish her dower by joining her husband in the conveyance, and acknowledging it before an officer in such a manner that he could certify she knew the nature of her act, that she was relinquishing her dower, and that in doing so she was acting by her own volition, and without compulsion of her husband, and the statute further provided that the

officer should annex to the deed his certificate of these facts, "which," says the statute, referring to the certificate, "being recorded, together with the deed, duly executed and acknowledged by the husband, according to law, shall be sufficient to discharge and bar the claim of such woman to dower in the lands and tenements conveyed by said deed or conveyance."

Under this statute the wife must of course join her husband in the deed by signing it, but as that may be done through compulsion of her husband, the statute makes the private acknowledgment before the officer the essential means for protecting her rights, and the most important of the steps by which her dower may be barred. This is our substitute for the common law mode of levying a fine or suffering a common recovery, and the controversies in our courts, under this statute, have generally turned upon the question of whether the certificate shows the privy examination to have been what the law requires. Whether the deed contains apt words of grant used on the part of the wife for the purpose of passing an estate or interest, has never, to our knowledge, been made a question. It has always been held sufficient if the wife signed the deed with her husband and properly acknowledged it. In *Cotton* v. *Ware*, 9 Mass. 218, quoted by counsel for appellant, the court say, "a deed can not bind a party sealing it, unless it contains words expressive of an intention to be bound." But in this State, no matter what words expressive of an intention to be bound the deed may contain, on the part of the wife, she is in fact not bound unless she undergoes such an examination as the statute requires, and the officer grants a certificate of that fact. Even in that case, she is only bound to the extent prescribed by the statute, the barring of her dower, and is not bound by the covenants in the deed, though made expressly in her name. We are wholly unable to appreciate the importance of apt words of grant to be used by the wife in the body of the deed, for the purpose of cutting off her dower, when in fact she is not possessed of an estate in the land which is susceptible of conveyance, but merely of a

contingent interest which can only be released for the purpose of being merged in the fee. As was said by this court in the late case of *Robbins* v. *Kinzie*, 45 Ill. 357, " an inchoate right of dower can not be said to be a present interest or estate in lands." Why, then, should she be required to use, in her own name, apt words of grant, and apply them in the body of the deed to her right of dower, when, in fact, no estate passes from her to the grantee, and she signs and' acknowledges the deed merely to show her free assent to her husband's conveyance of his property, to be held by his grantee free from any claim by her under her contingent right of dower? The legislature might, if they had thought proper, have provided that her assent should be shown by an examination before the officer merely, and his certificate of that fact, without her signing the deed at all, and that her assent to her husband's conveyance, thus evidenced, should bar her dower. That the legislature did not consider she must be named in the deed, and use therein apt words of conveyance, or that she was in fact conveying anything, is clear from the language used at the end of the 21st section of the conveyance act, where they describe the effect of the deed properly executed and certified, not as passing an estate to her husband's grantee, but as discharging and barring her claim to dower. The deed transfers no title from the wife—it merely extinguishes a contingent right.

In *Blaine* v. *Harrison*, 11 Ill. 385, this court said: " The right of dower in a married woman is a mere intangible, inchoate, contingent expectancy, and even in a widow, until it is assigned, it is no estate in the land, but is a right resting in action only, and can not be aliened. The widow may release her dower so as to bar herself the right of asserting it against the owner in fee, but she can not invest any one with it."

We will only add, in conclusion, that this question—the mode in which a deed must be executed in order to bar dower —is purely a matter of local law, resting on the construction of our own statutes, and the decisions of courts in other States

can have little weight in comparison with the construction which has been uniformly given to our laws by the profession, even though such construction has never received direct recognition from this court. This precise question has not hitherto been presented, but we entertain no doubt it has always been supposed by both the people and the profession in this State, that a married woman signing her husband's deed, and being properly examined before an officer, and causing his certificate of that fact to be placed upon the deed, would bar her dower in the premises conveyed, although her name nowhere appeared in the body of the deed. By signing the deed she "joins" in it, and having done this, her dower is barred if she takes the other steps pointed out by the statute. Those steps are most important for her protection, and have always been guarded by this court. But to hold that signing the deed is not joining in it for the purposes of this statute, would be to disregard its spirit and purpose, and overturn a long settled construction, for the purpose of enabling widows to claim what they had once in good faith solemnly professed to relinquish.

*Decree affirmed.*