## Martha C. Virgin v. George Virgin, Adm.

1. DOWER—*As Against the Administrator and the Unsecured Creditors.*—A widow is not entitled, as against the administrator and the unsecured creditors, to be endowed out of the whole of the proceeds of the sale of the real estate of her deceased husband to pay debts.

2. SAME—*What the Widow is Entitled to After the Payment of Debts.*—A widow is entitled to be endowed of one-third of the proceeds of a sale of real estate to pay the debts remaining after payment of mortgage liens and after deducting $1,000 for the homestead interest, if such exists.

3. SAME—*Nature of the Estate.*—The right of dower in a married woman is a mere intangible, inchoate contingent expectancy, and, until assigned, is not an estate in land, but a right resting in action only. During the life of the husband it is a mere expectancy or possibility with which the legislature may deal as it deems proper. Not being a natural right it can not be alienated; but until assigned, it may be released to the owner of the fee, and the widow can make no other disposition of it until then.

4. SAME—*In Mortgages Executed Before Marriage.*—Where the husband executes a mortgage before his marriage his widow is not entitled to be endowed in the equity of redemption at common law, as against the mortgagee of those claiming under him, but if the heir redeems she may obtain dower by contributing ratably toward the redemption. Her right of dower will be restored only upon a redemption by her husband or his legal representatives.

5. REAL ESTATE—*Sale by an Administrator Equivalent to a Sale by the Heir.*—A sale by an administrator of the real estate of a decedent for the purpose of paying debts is equivalent to a sale by the heir, and an appropriation of the purchase money to the payment of debts of the estate, the administrator being, under the statute, in substance, the attorney in fact of the heir, to make such sale.

6. ADMINISTRATORS—*Sales When Lands are Mortgaged.*—The powers of an administrator where the land is mortgaged is merely to sell the equity of redemption, as that is all that vests in the heir. The purchaser takes only the right of the heir in the fee, subject to the mortgage.

7. ADMINISTRATOR'S SALES—*Status of a Redeeming Purchaser.*—If a purchaser of mortgaged premises at an administrator's sale redeems from the mortgage, he holds as the heir would have held, had he paid off the mortgage.

8. CONTRIBUTION—*By Widow in Paying Mortgage Debts.*—The purchaser at an administrator's sale of mortgaged premises takes the interest of the decedent mortgagor in the lands, and occupies the same position as the heir and the widow joining with her husband in the mort-

Virgin v. Virgin.

gage. If the widow claims dower she must contribute ratably toward redeeming from the mortgage.

9. VESTED RIGHTS—*Dower Rights Are Not.*—The right of dower in a married woman before it is consummated by the death of her husband is a mere inchoate expectancy, which does not rise to the dignity of a vested right, and may be changed by the legislature at any time before the death of the husband.

10. DESCENT—*Of Real Estate.*—At the death of an intestate person the title of his lands descends to his children, subject, first, to the payment of such of his debts as are secured by mortgage, if the personal estate is not sufficient to pay them: second, to the homestead estate and dower right of the widow: and, third, to the payment of such of his debts as the personal estate is insufficient to pay.

11. WIDOWS—*May Compel an Allotment of Dower.*—At the death of her husband the widow may compel an allotment of her dower in his lands, subject, however, to the payments, first, of so much of the mortgage indebtedness as the personal estate is insufficient to pay, and, second, to her rights in homestead estate.

12. ADMINISTRATION OF ESTATE—*Duty of Administrator to Sell Real Estate, When.*—When it is ascertained that the personal estate of a deceased person is insufficient to pay the just claims against his estate and there are lands to which he had title, it is the duty of the administrator, under section 99 of chapter 3, R. S., entitled "Administration of Estates," to proceed to sell the same for the payment of such debts.

13. SAME—*Power of the Probate Courts—Homestead and Dower.*— The Probate Court has the power, when an application is made by an administrator, to sell real estate for the payment of debts; to ascertain the amount due on mortgage liens; to direct the sale of such lands, discharged of such liens; to provide for their payment and satisfaction out of the proceeds arising from such sale; to settle and adjust all equities between the parties as well as all questions of priority in the lands or in the proceeds thereof; and, with the assent in writing of the widow, to direct that the lands be sold, free and discharged from homestead estate and right of dower; and after such sale, to ascertain the value of such estate and right, and order the same paid out of the proceeds.

14. SURETIES—*Married Women Joining in Mortgages Are Not.*—A married woman who joins with her husband in a mortgage to secure his debt does not by doing so become the surety of her husband.

15. HOMESTEAD RIGHTS—*Of Married Women Joining in Mortgages.*— When a married woman joins with her husband in the execution of a mortgage upon his lands, she waives her homestead estate and right of dower in the lands.

**Petition to Sell Lands to Pay Debts.**—Appeal from the County Court of Morgan County; the Hon. CHARLES A. BARNES, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

CYRUS EPLER and JOHN A. BELLATTI, attorneys for appellant.

The dower right of a married woman in the real estate of her husband is a property right and valuable in law during the life of the husband. Sisk v. Smith, Adm., 6 Ill. 503; Rev. Statutes, 1899 (Hurd), Sec. 17, Chap. 30; 2d Scribner on Dower, page 266; 10 Am. and Eng. Encyc. (2d Ed.), page 142; Gore v. Townsend, 8 L. R. A. 443.

When the wife pledges her separate estate for the debt of her husband she is entitled to the ordinary rights and privileges of a surety. Neimcewicz v. Gahn, 3 Paige, 641; 11 Wend. 312; McFillin v. Hoffman, 5 Cent. Rep. (N. J.) 837.

When a wife joins with her husband in the execution of a mortgage on his land to secure his debt she stands as to her dower right in the position of a surety, and ·is entitled to the ordinary rights of a surety; and all the interest of the husband in the land must be exhausted before any part of her dower right can be taken to pay the mortgage debt. Mandel v. McClave, 46 Ohio St. 407; 5 L. R. A. 519; Gore v. Townsend (N. C.), 8 L. R. A. 443; 10 Am. and Eng. Encyc. of Law (2d Ed.), 169 and 170; Purviance v. Emley (Ind.), 26 N. E. Rep. 167; Kally v. Canary, 29 N. E. Rep. 11; Shobe v. Brinson, 47 N. E. Rep. 625.

The dower right and interest of a wife in the land of her husband can not be taken to pay the unsecured creditors of her husband, either in his lifetime or after his death: Sisk v. Smith, Adm., 6 Ill. 503; Shobe v. Brinson (Ind.), 47 N. E. Rep. 625; Mandel v. McClave, 46 Ohio St. 407; 5 L. R. A. 519.

When a man mortgages his land and afterward marries, his wife will be entitled to dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him. R. S. of Ill. 1899 (Hurd), Sec. 3, Chap. 41; Shope v. Schaffner, 140 Ill. 470; 10 Am. and Eng. Enc. of Law (2d Ed.), 164.

A wife joining her husband in the execution of a mortgage on his land does not thereby bar her dower right in

Virgin v. Virgin.

the land, but merely pledges her dower right for the pur-
poses of the mortgage; and such pledge is for the benefit of
the mortgagee and those claiming under him only, and can
not inure to the benefit of the unsecured creditors of the
husband, either by way of grant or estoppel.    2d Scribner
on Dower, pages 250, 288, 289; Sec. 11, Chap. 30, Rev.
Statutes, Ill., 1898 (Hurd); Kitzmiller v. VanRensselaer, 10
Ohio St. 63; Blain v. Harrison, 11 Ill. 384; Summers v.
Babb, 13 Ill. 483; Shobe v. Brinson, 47 N. E. Rep. 625;
Purviance v. Emley, 26 N. E. Rep. 167; Kally v. Canary,
29 N. E. Rep. 11; Gore v. Townsend, 8 L. R. A. 443; Roan
v. Holmes, 21 L. R. A. 180.

A wife who joins with her husband in the execution of a
mortgage on his land is entitled, as against his unsecured
creditors, to have dower out of the entire proceeds of the
land paid to her out of the surplus after paying the mort-
gage.    10 Am. and Eng. Encyc. of Law (2d Ed.), 170, cases
cited; Society for Savings v. Drake, 10 Ohio C. C. 59; The
People v. Stitt, 7 Ill. App. 294.

If the mortgage is paid by the husband or his personal
representative out of his estate, the widow has full dower
just as if there had been no mortgage.    10 Am. & Eng.
Enc. of Law (2d Ed.), 166; Papkin v. Bumstead, 8 Mass.
491; Bird v. Gardner, 10 Mass. 364; Gibson v. Crehore, 3
Pick. 475; Jackson v. Dewitt, 6 Cow. 316; VanDyne v.
Thayre, 19 Wend. 162; Collins v. Torry, 7 Johns. 278;
Hildreth v. Jones et al., 13 Mass. 525; Barker v. Parker, 17
Mass. 564; King v. King, 100 Mass. 224.

The administrator in sale to pay debts represents the
decedent and the purchaser occupies the position of a pur-
chaser from the decedent.    Shope v. Schaffner, 140 Ill. 470.

EDWARD P. KIRBY, attorney for appellees.

The right of dower in a married woman is a mere intan-
gible, inchoate, contingent expectancy; and even in a widow,
until it is assigned, it is no estate in the land, but it is a
right resting in action only, and it can not be aliened.
Blain v. Harrison, 11 Ill. 384.

The doctrine seems to be well and almost uniformly set-
tled, that until assignment, the widow's dower is merely
inchoate. It is not the subject of sale and transfer until
it is allotted. Although she may release the right to the
owner of the fee, she can make no other disposition of it
until set apart to, or measured to her. Hoots v. Graham,
23 Ill. 81.

And while the inchoate right of a dower can not be said
to be a present interest or estate in lands, it is nevertheless
a right, fully recognized and protected by the law.

And while it is not the subject of a conveyance until it
has become consummate, and has been allotted to the widow,
still it may be released by the widow to the owner of the
fee, or may be relinquished and pass with the fee, in the
mode prescribed by the statute. Robbins et al. v. Kinzie,
45 Ill. 354.

At common law, when the husband has executed a mort-
gage before marriage, the widow was not dowable in the
equity of redemption. In this country she has been held
dowable if the heir redeems, but she is bound to contribute
ratably toward the redemption (4 Kent. 46); but her right
to dower only arises upon a redemption by her husband or
his legal representatives. Popkin v. Bumstead, 8 Mass. 491;
Bird v. Gardner, 10 Mass. 364; Gibson v. Crehore, 3 Pick.
475; Jackson v. Dewitt, 6 Cow. 316; Van Dyne v. Thayre,
19 Wend. 162.

Where dower has been assigned, subject to a prior incho-
ate right of dower, on the assignment of dower to the latter
dowress, the dower already set off to the widow should
contribute and be lessened in proportion. Steele v. La
Frambois, 68 Ill. 456.

Where a party makes a contract for the purchase of land,
and dies before making full payment, if his heirs complete
the payment, it is incumbent upon the widow to contribute
her relative proportion of the purchase money remaining
unpaid at her husband's death, to entitle her to dower in the
land. Greenbaum v. Austrian, 70 Ill. 591.

The right of dower which a wife may have in the estate

of a husband before his death, is one which may be changed
in such manner as the legislature may think for the best
interest of the people.    It may be entirely abolished, or it
may be enlarged.    Henson v. Moore, 104 Ill. 403.

The heirs, by paying off the mortgage debt, should not
be permitted thereby to impose the whole burden of redemp-
tion from the mortgage upon the widow, in order for her
to avail herself of her dower right by compelling her, as
under this decree, to refund to them the whole payment
made.    It is only her proportional part which she should be
required to pay.    Swaine v. Perine, 5 Johns. Ch. 482; Rus-
sell v. Austin, 1 Paige, 192; Woods v. Wallace, 10 Foster,
384; Hartshorne v. Hartshorne, 1 Green's Ch. 349; Selb v.
Montague, 102 Ill. 446; Montague v. Selb, 106 Ill. 49.

" The right of dower is a mere intangible, inchoate, con-
tingent expectancy, and until it is assigned, it is no estate
in the land; but it is a right resting in action only, and it
can not be aliened.    It may be released so as to bar the
right of asserting it against the owner in fee, but it can not
be invested in another, separately from the fee." Best et al.
v. Jenks, 123 Ill. 447.

" An estate of dower is a freehold estate, but a right of
dower in a married woman, before it has become consum-
mate by the death of her husband, is a mere intangible,
inchoate, contingent expectancy, and not only is not an
estate in hand, but does not even rise to the dignity of a
vested right."    Goodkind v. Bartlett, 136 Ill. 18.

" The right of dower to which a married woman is
entitled in her husband's real estate, before his death is not
a vested interest, and may be changed by the legislature at
any time before the death of the husband."    McNeer v.
McNeer, 142 Ill. 388.

Mr. Justice Burroughs delivered the opinion of the court.

Appellee, George Virgin, as administrator of the estate
of John Virgin, deceased, filed in the County Court of Mor-
gan County his petition for an order to sell the real estate
of decedent to pay debts, the petition being in the usual
form, and after stating all the jurisdictional facts properly,
among other things alleges, that the just debts of decedent
amount to about $90,000, of which about $62,000 thereof is

secured by various mortgages made by decedent upon his lands, and that the balance is unsecured; that there is a deficiency of personal estate to pay debts. The real estate owned by the decedent is described, as are also the several mortgages, stating the amount due upon the indebtedness secured by each; to whom each is owing; and a particular description of the land covered by each mortgage; from which it appears that five of the mortgages were executed by the decedent prior to his marriage with appellant, and nine of them, while securing indebtedness owing by him alone, were executed by him after his marriage with her, she joined therein, and releasing her dower rights and homestead estate.

The petition also alleges that appellee, as widow of decedent, is entitled to homestead and dower in the lands sought to be sold, and makes her, together with the nine children of the deceased (who it avers, constitute the only heirs at law of the decedent), and the holders of the mortgage, parties defendants; and prays that they be required to answer the petition; for an order to sell the real estate to pay the debts of decedent; that such sale be free and clear of the mortgage liens; and that out of the proceeds of such sale the indebtedness secured by such mortgages be first paid.

Five of the holders of that number of the mortgages answered the petition, in which they each claimed to be paid, out of the moneys realized when the real estate was sold, the amount due them respectively upon their mortgages; four of whom also filed cross-petitions, setting up their mortgages, and prayed for a foreclosure of them.

Appellant also answered the petition, claiming homestead and dower in the lands, and electing in writing to have the value thereof ascertained and paid to her in a lump sum out of the proceeds arising from such sale. The other adult defendants defaulted, and the minor defendants answered by guardian *ad litem*.

A hearing was had upon evidence taken, and the court, after finding the necessary jurisdictional facts, etc. (among others), found that the just debts of John Virgin, deceased,

Virgin v. Virgin.

were about $90,000, of which about $62,000 was secured by the mortgages substantially as stated in the petition, and the balance was unsecured; that there was a deficiency of personal estate to pay all the debts of the decedent, making it necessary to sell the real estate to pay them; that appellant consents in writing to have the real estate sold free of her homestead estate and dower right therein, and elects to take the equivalent therefor out of the proceeds of the sale thereof; and decreed that the administrator sell the real estate free and clear of all mortgage liens, and of the homestead estate and dower rights of appellee therein; that out of such proceeds, the several amounts found due the holders of the several mortgages be first paid in full; that the remainder thereof be brought into court; and that all questions as to the homestead estate and dower rights of appellant be continued for future hearing and determination.

The administrator advertised and sold the real estate pursuant to the decree, realizing $77,000.73 therefor; reported the sale to the court, which was approved; and he was ordered to pay the mortgage liens as directed in the decree, and to report, etc.   And the administrator paid the liens in full as follows :   On the five secured by mortgages made before decedent's marriage with appellant, $26,855.59; on the nine in which appellant joined, $35,847.03, taking releases and discharges of the mortgages; and he also paid $368.31 costs, leaving a balance in his hands of $13,929.80; all of which he reported to the court.

Appellant then moved the court to ascertain the value of her homestead estate and dower right in the proceeds of the sale, and when ascertained, to order the same paid by the administrator, claiming that she should be endowed out of the entire proceeds.   Thereupon all of the appellees (except George Virgin), they being unsecured creditors of the decedent, were, on their petition, permitted by the court to become parties to the proceeding for the purpose of resisting the claim of appellant; after which a stipulation in writing was entered into by appellant and appellees to

the effect (among other things) that John Virgin, late of Morgan county, Illinois, died intestate, leaving appellant, his widow, and nine children, who are his only heirs at law; that at the time he died he was the head of a family residing upon a portion of the land described in the petition; that George Virgin was duly appointed administrator of his estate, qualified, filed inventory and appraisement bills, disposed of all the personal estates of deceased under order of court, and filed an account showing condition of the estate was such as to make a large deficiency of personal property to pay the unsecured debts of decedent; that all the real estate owned by decedent in Illinois is subject to sundry mortgages, five of which were executed before his marriage with appellant, the principal amounts aggregating $27,500, and nine were executed by him and appellant after their marriage, the principal amounts aggregating $30,420; and that all the notes secured by them were given by decedent alone; that the land sold constitutes all the real estate of decedent in Illinois; and that said balance of $13,929.80 is insufficient to pay the claims of unsecured creditors of decedent, and that appellant was thirty-three years old when John Virgin died.

And they further stipulated that the points of law at issue between the parties (among others) are as follows :

" Second.   Is Martha C. Virgin, as widow, entitled, as against the administrator and the unsecured creditors of her deceased husband, to be endowed out of the entire proceeds of sale of the real estate to be sold by the administrator (less $1,000, on account of her homestead)?

Fourth.   Is Martha C. Virgin entitled, as against the administrator and unsecured creditors, to be endowed only of one-third of the proceeds of sale of said real estate remaining after the payment of the mortgage liens ?

Sixth.   What is the present value of the homestead estate and dower rights of Martha C. Virgin out of the proceeds of sale of said real estate ? "

And they likewise agreed that upon the foregoing, the court should decide and render judgment as to the rights of the parties in the same manner as if the facts aforesaid were proven upon the hearing.

Virgin v. Virgin.

The court held on the second point "that she (appellant) is not entitled, as against administrator and unsecured creditors of John Virgin, deceased, to be endowed out of the whole proceeds of sale; on the fourth, "that she is entitled to be endowed of one-third of the proceeds of sale remaining after payment of mortgages, liens, and after deducting homestead of $1,000;" and on the sixth, "that (the) value of (the) homestead is $685.38 and (the) value of dower is $3,038.06, and that she (appellant) is entitled to receive (in the) aggregate, viz., $3,723.44, as the present value of her homestead and dower in proceeds of sale;" and entered an order to that effect, appellant excepting.

Appellant prosecutes this appeal to reverse the last-mentioned order, and her counsel urge as ground therefor, that the court ought to have allowed appellant dower in the entire proceeds of the real estate sold, while it improperly allowed her dower in the remainder after first taking out the portion paid to discharge the mortgage liens and then $1,000 for her homestead estate.

All the facts being stipulated, we are to determine whether the trial court determined the rights of the parties in accordance with the law applicable thereto.

Counsel for appellant contends that the widow's right of dower is superior to the rights of general creditors, to the full value of the real estate of which her husband was seized during coverture, irrespective of all mortgages thereon, and whether such mortgages were made before marriage, or made by her husband and herself after marriage, with full release of dower on her part; and in their brief and argument they have made a very able argument in support of their contention, citing numerous authorities, some of which sustain their position; such authorities being largely decisions of courts of other States, based upon statutes different from those of Illinois, or upon judicial determinations of the character of a dower right not consonant with the holdings of the courts of this State, or upon a different state of facts from those existing in this case.

In the decisions of the courts of different States may be

found decisions supporting many different theories as to
the character and extent of a widow's right of dower, and
her right thereto as against the administrator, heir and
creditor of her husband's estate. In some States a wife's
inchoate right of dower is deemed a vested estate, and in
others a mere expectancy; and from such different premises
widely different conclusions are of course reached; to say
nothing of the differences in the statutes of the States con-
cerning dower rights which must always be considered.

The true character of a widow's right of dower in this
State can be best shown by an examination of the decisions
of our courts and our statute.

In Blain v. Harrison, 11 Ill. 384, it is said :

"The right of dower in a married woman is a mere in-
tangible, inchoate, contingent expectancy; and even in a
widow, until it is assigned it is no estate in the land, but it
is a right resting in action only, and it can not be alien-
ated."

In Hoots v. Graham, 23 Ill. 81, it was held that until
assigned, she may release the right to the owner of the fee,
but can make no other disposition of it until it is set apart
or admeasured to her.

In Robbins v. Kinzie, 45 Ill. 354, it was held that the
inchoate right of dower is a right fully recognized and pro-
tected by the law, and one which may be released to the
owner of the fee, or may be relinquished and pass with the
fee, and in the mode prescribed by the statute.

In Johnson v. Montgomery, 51 Ill. 185, it was held that
a wife need not use apt words of grant in the body of the
deed in order to cut off her dower, because she is not pos-
sessed of an estate in the land, but merely of a contingent
interest, which may be released for the purpose of being
merged in the fee, and she signs and acknowledges a deed
with her husband merely to show her free assent to his
conveyance of his property, to be held by his grantee free
from any claim under her contingent right of dower.

In Burson v. Dow, 65 Ill. 147, it was held that the
widow of a mortgagor need not be made a party in a suit to

foreclose a mortgage made by her husband before they were married; and that she could not redeem from a sale made pursuant to a decree of foreclosure, for the reason that when the husband has executed a mortgage before marriage, his widow was not dowable in the equity of redemption at common law; but if the heir redeems, she may obtain dower in the land by contributing ratably toward the redemption; and her right of dower will be restored only upon a redemption by her husband or his legal representatives; citing Popkin v. Bumstead, 8 Mass. 491; Bird v. Gardner, 10 Id. 364; Gibson v. Crehore, 3 Pick. 475; Jackson v. Dewitt, 6 Cowen, 316; and VanDyne v. Thayre, 19 Wend. 162; and in that case the court refers to the third section of our dower act as providing that where a mortgage is executed before marriage, the widow shall be dowable out of the lands as against all persons except the mortgagee or those claiming under him; and to the fourth section as containing substantially the same provisions as to mortgages made after marriage to secure the purchase money where the wife has not joined therein; and to the fifth section as providing that where the land is sold after death, under a power in the mortgage or the decree of the court, the wife shall, in the cases provided for in the two preceding sections, be entitled to interest for her life, on the one-third of the surplus money, which shall remain, after the mortgage indebtedness is first satisfied; and in the opinion in that case, appears this language:

" Both cases are placed by the statute upon the same footing, and the widow's rights are the same under each section; saying also that in Stephens v. Bichnell, 27 Ill. 444, which was a case arising under the fourth section, this court held that the wife was not a necessary party to a bill for strict foreclosure, because she was not dowable as against the mortgage. If she is not a necessary party in order to foreclose her interest under one section, she would not be under the other. She was not dowable in either case at common law, and in both cases is dowable to the same extent under the statute. The statute having received this construction in the case above cited, and titles having been acquired under

this construction, we do not feel at liberty now to disturb it."

In Selb v. Montague, 102 Ill. 446, where the lands had been first mortgaged by the husband before his marriage with the widow, and again after his marriage, the wife joining in such subsequent mortgage, releasing her right of dower and homestead, in the opinion of the court it is said :

"In Washburn on Real Estate, it is correctly said (Vol. 1, p. 184), that 'as the mortgagor    *    *    *·  if he discharge the mortgage, is not allowed to call upon another for contribution, having only paid his own debt, so, if the mortgaged estate is bought by a stranger, under such circumstances as to show that he only paid for the excess of its value over the mortgage, or so that one part of the estate satisfies the whole, the widow of the mortgagor will be let in to claim dower at law if such purchaser shall obtain discharge of the mortgage.'

This rule, however, applies only where 'the mortgaged estate is bought by a stranger' by a purchase from the husband. In such case, the husband having by his contract of sale, made during coverture, provided for the discharge of the mortgage, the case in this regard stands as though he had himself paid off the mortgage during coverture. In case the husband, before marriage, had mortgaged his land, the wife, upon marriage, takes an inchoate right to dower only in the excess of the value of the land over the amount of the mortgage. If the husband in his life pays the mortgage, he acquires title to that interest in the land which at the time of the marriage was in the mortgagee, and the wife's right to dower attaches to the same as to an interest in land ;bought by the husband during coverture. But if the mortgagee be paid by the heir after the death of the husband, this is equivalent to a purchase by the heir of that interest in the estate which is in the mortgagee, and as the widow takes no dower in estates bought by the heir, she acquires no right of dower in the new estate so bought by the heir. The right of the heir, however, having been acquired by removing an incumbrance upon an estate in which the heir and the widow each had an interest subordinate to the incumbrance, the widow, in such case, has the right, by a just contribution, to avail herself of the benefit of the purchase by the heir of the adverse title of the mortgagee. And so the same author says (Vol. 1, p. 187) that 'if the mortgagee is in possession of the mortgaged premises for condition broken, or the purchaser of the

equity of redemption, who has redeemed the mortgage, the widow's remedy for the recovery of her dower is by bill in equity only, as she can not maintain a writ of dower until she has contributed her share of the redemption money.' And so Kent says (Vol. 4, p. 48) that ' though the wife be dowable only of an equity of redemption when the mortgage was given prior to her marriage, or when she joined her husband in the mortgage, she is, after her husband's death, if she claims her dower, bound to contribute ratably toward the redemption of the mortgage.' A sale by the administrator, under our statute, of the real estate, is equivalent to a sale by the heir and an appropriation of the purchase money to the payment of the debts of the testator, the administrator being made, by statute, in substance, the attorney in fact of the heir to make such sale. His power, where the land is mortgaged, is merely to sell the equity of redemption, for that is all that vests in the heir. The purchaser takes the right of the heir, no more, no less—that is, the fee, subject to the mortgage. If the purchaser redeems from the mortgage, he holds as the heir would have held had he paid off the mortgage. The debt paid in discharging the mortgage is not the debt of the heir. In paying that debt he is not ' paying his own debt,' as would be the case were the debt paid by the mortgagor in person."

In Noffts v. Koss, 29 Ill. App. 301, this court cited and followed the Selb case; and again, in Zinn v. Hazlett, 67 Ill. App. 410, in determining the relative liability of the widow and the heir in regard to mortgage indebtedness of the ancestor, where the land had been sold by the administrator to pay the debts, we said :

" Had the personal estate been sufficient to pay that debt (a debt secured by mortgage of ancestor), it might have been so applied, and then the dowress would have been exempt from any liability on account of the incumbrance; but because the personalty was not sufficient, the land has necessarily been resorted to and the heirs have paid the debt *pro tanto*, which is equivalent to a purchase by them of that interest in the estate which was held by the mortgagee, and which, of course, is paramount to the right of dower. Ordinarily, the question of contribution arises when the widow asserts her dower in a direct proceeding against the mortgagee and the others interested in the estate, but the principle must be the same, whether she proceeds directly or indirectly."

In Henson v. Moore, 104 Ill. 403, it was held that the right of dower which a wife has in the land of her husband before his death, is one which may be enlarged, diminished or abolished as the legislature may think best.

In Cox v. Garst, 105 Ill. 342, it was held that the purchaser at an administrator's sale takes the interest of the decedent mortgagor in the lands, and occupies the same position in this respect, as the heirs; and the widow, joining her husband in the execution of the mortgage, if she claims dower, must contribute ratably toward redeeming from the mortgage.

In Miller v. Pence, 132 Ill. 149, Goodkind v. Bartlett, 136 Ill. 18, and in McNeer v. McNeer, 142 Ill. 388, it was also again held that a right of dower in a married woman, before it has become consummate by the death of her husband, is a mere intangible, inchoate contingent expectancy, which does not rise to the dignity of a vested right, and may be changed by the legislature at any time before the death of the husband; and in the McNeer case the court quotes approvingly from the Supreme Court of the United States what was said in Randell v. Kreiger, 23 Wallace, 148 :

" During the life of the husband, the right of dower is a mere expectancy or possibility. In that condition of things, the law-making power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, alter it or wholly take it away. * * * Upon the death of the husband * * * rights of the widow * * * become fixed and vested."

In Kusch v. Kusch, 143 Ill. 353 (351) it was said :

" The right of dower that a married woman has is not a vested right, but a mere intangible, inchoate, contingent expectancy. Where there is a defeasible title in the husband, and that title is defeated, the right of dower in the wife also terminates."

In Holden v. Dunn, 144 Ill. 413, the material facts were that John W. Dunn, a married man, bought land subject to a deed of trust which he assumed to pay as part of the consideration of the purchase. A suit for the foreclosure of

said trust deed against Dunn, his wife, and various judgment creditors of John W. Dunn, resulted in a decree of foreclosure and sale and order for payment of surplus, after satisfying trust deed and costs, to various judgment creditors in the order of their priority, etc., etc. Before any sale was made under that decree, John W. Dunn died, and his widow filed her petition for dower in the surplus proceeds of sale over and above amount needed to discharge trust deed and costs, etc.; and decree that one-third of such surplus be invested for life of widow, and income paid her, was affirmed.

And in Davis v. Lang, 153 Ill. 175 (181) the opinion contains this language :

" The wives of tenants in common are not necessary parties to suits for the partition of real estate. The right of dower in a wife subsists by virtue of the seizin of her husband, and this right is always subject to any incumbrance, infirmity, or incident which the law attaches to that seizin, either at the time of the marriage, or at the time the husband became seized; and a liability to be divested by a sale in partition is an incident which the law affixes to the seizin of all joint estates, and the inchoate right of the wife is subject to that incident; and when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted."

Sections 3, 4 and 5, Chap. 41, Ill. Revised Statutes, entitled " Dower," are as follows :

" Sec. 3.    Where a person seized of an estate of inheritance in land, shall have executed a mortgage of such estate before marriage, the surviving husband or wife of such person shall nevertheless be entitled to dower out of the lands mortgaged as against every other person except the mortgagee and those claiming under him."

" Sec. 4.    Where a husband or wife shall purchase lands during coverture, and shall mortgage such lands to secure the payment of the purchase money thereof, the surviving wife or husband shall not be entitled to dower in such lands as against the mortgagee or those claiming under him,

although he or she shall not have united in such mortgage, but shall be entitled to dower as against all other persons."

" Sec. 5.    When, in either of the cases specified in the two preceding sections, the mortgagee or those claiming under him, shall, after the death of such husband or wife, cause the land mortgaged to be sold either under a power contained in the mortgage or by virtue of the judgment or decree of a court, and any surplus shall remain after the payment of the moneys due on such mortgage and the costs and charges of sale, such survivor shall be entitled to the interest or income of one-third part of such surplus for'life as dower."

From those decisions, and the provisions of said sections 3, 4 and 5 of our statute, it seems reasonable to us to conclude that appellant, by her marriage with John Virgin, became entitled to an inchoate right of dower in his lands, subject to the liens, however, of the five mortgages given by him upon them before the marriage; and when she joined with him in executing the nine which he gave upon them after the marriage, she thereby released that right, together with her homestead estate therein, to the extent of the liens created thereby.    And by so releasing, she did not thereby pledge her homestead estate and right of dower as so much of her separate estate to secure the payment of the debts of her husband secured by them; for the reason that such estate and right were not her separate property, her right of dower being but a mere incident of the marriage in conjunction with the seizin of her husband in the lands, and which right might or might not ripen into an estate depending upon her surviving him.

And when John Virgin died, the title of his lands descended to his nine children, subject, first, to the payment of such of his debts as were secured by the fourteen mortgages, if the personal estate left by him was not sufficient to pay them; second, to the homestead estate and dower right of appellant, as his widow; and third, to the payment of such of his debts as the personal estate would not pay; and by his death, appellant's right of dower becoming consummate, she could then compel dower to be allotted to her in the lands, subject, however, to the payment, first, of so

much of the fourteen mortgages as the personal estate would not pay, and, second, to her homestead estate.

And when it was ascertained that the personal estate of the decedent was insufficient to pay the just claims against his estate, and there were lands to which the decedent had title, it became the duty of the administrator of his estate, under Section 99 of Chap. 3, entitled " Administration of Estates," which was enacted June 15, 1887, and has been in force since July 1 of that year, to file in the County Court, where he had been appointed, the petition he did, in this case making the widow, heirs at law and holders of the mortgages, parties defendant; and the court, by the provisions of section 101 of the same chapter, had the power to ascertain, as it did, the amounts due upon the mortgage liens upon the land, and to direct the sale thereof discharged of those liens, and to provide for their payment and satisfaction out of the proceeds arising from such sale; and to settle and adjust, as it did, all the equities between the parties, and all questions of priority between them in the lands or the proceeds thereof; and, with the assent in writing of appellant, to direct the lands sold free and discharged of her homestead estate and right of dower therein; and after such sale, to ascertain, as it did, the value of such estate and right, and order the same paid out of the proceeds in gross.

And we understand that counsel for appellant do not question but that the court possessed that power, and that it exercised it properly in this case, but they ably contend that the court erred in allowing their client dower only in the surplus of the proceeds of the sale of the lands, when she was entitled to such estate and right in all the lands, as against the administrator and unsecured creditors of her deceased husband's estate, who alone are resisting her claim thereto.

This contention is based upon two reasons :    First, that the mortgages were not procured to be foreclosed and the lands sold by the judgment or decree of a court at the instance of the holder of the mortgages, but by the admin-

istrator; and second, that her homestead estate and right of dower in all the lands were pledged by the mortgages for the payment of her husband's debts secured thereby, making her, in so far as that estate and right were concerned, his surety; and when the lands of her principal were sold to pay the mortgages, and they were in fact paid off and satisfied out of the proceeds of the sale of his lands and left a surplus remaining, then, being such surety, she is entitled to the full value of her homestead estate and dower right in all the lands out of that surplus, in so far as it is sufficient to pay the same.

But we are unable to concur in that view; for while it is true that the court, in directing the lands sold to pay the mortgage liens, acted in its inception at the instance of the administrator, yet in effect it was but the agent of the mortgagees, in so far as it caused their debts to be paid out of the proceeds of the sale of the lands upon which they were liens; and the administrator, in filing the petition and obtaining the order to sell, in making such sale, and paying off the mortgage liens, was but the agent of the court for that purpose; so that, in effect, the lands were sold by the mortgagees under the judgment of decree of a court foreclosing the mortgages within the meaning of said section 5 of the dower act; and under its express provisions appellant is entitled only to dower in the surplus remaining after the mortgage liens upon the lands sold were paid and satisfied.

And beside the right of dower which appellant had in the lands, being in the lifetime of her husband but an inchoate and contingent right, was not, nor could it be pledged for the payment of the mortgage debts, hence, she was not the surety of her husband on that account; and, as against the mortgages she joined with her husband in executing, she waived her homestead estate and dower right in the lands, and as against the others, made before marriage, she never had such an estate or such right; and the lands having been sold to pay and satisfy them all, and they having been actually paid and satisfied out of the proceeds

of such sale, she could be given dower and homestead only in the surplus remaining after the mortgages were thus paid and satisfied, and which the court correctly allowed her. Frederick v. Emig, 186 Ill. 319.

The order of the County Court appealed from, being in accordance with the law arising from the facts stipulated in the record, we will affirm it. Order affirmed.