CHARLOTTE C. CAMPBELL

*v.*

WALTER H. WILSON.

*Opinion filed February 21, 1902.*

1. DOWER—*a deed need not show affirmatively that dower is released.* Under our statute it is not necessary that there should be any showing in the body of the deed or in the acknowledgment that dower is released or relinquished.

2. SAME—*when dower is released by trust deed.* If the widow joins with the heir and owner of the fee in executing a trust deed, such deed operates as a release of her dower although it does not state what interest either of the grantors had in the premises or that dower was released.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

E. F. THOMPSON, and FRANK HUMBOLDT CLARK, for plaintiff in error.

WILSON, MOORE & McILVAINE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error filed her petition January 20, 1896, in the circuit court of Cook county, alleging her marriage to Alexander Campbell April 3, 1862, his seizin of the premises described in the petition in fee simple, and his death July 26, 1866, leaving petitioner his widow and Alexander B. Campbell his son and only heir-at-law, and prayed for an assignment to her of dower in said premises. The defendant in error was one of the defendants to her petition, and answered admitting the marriage, the seizin of Alexander Campbell, his death and that petitioner was his widow, but claiming ownership of the premises free from dower by conveyance under a decree and sale upon the foreclosure of a trust deed executed by petitioner and Alexander B. Campbell, the heir. The

issue was referred to a master in chancery, who reported against the claim of the petitioner, and that she released and conveyed her dower by the trust deed, and the title so conveyed passed to the defendant in error under the foreclosure. The court overruled exceptions to the master's report and dismissed the petition for want of equity.

The trust deed was executed April 29, 1886, by Alexander B. Campbell, the heir and owner of the fee, and the petitioner, Charlotte C. Campbell, the widow, entitled to dower, to Frank R. Chandler, as trustee, to secure a note of said Alexander B. Campbell for the sum of $9500. The grantors thereby conveyed and warranted unto said trustee, for the use and benefit of the holder of said note, the said real estate. The trust deed did not specify what interest either of the grantors had in the premises or that the petitioner thereby released her dower, and for that reason it is now contended that she did not convey or release her dower estate. She conveyed all the interest she had in the estate, and as that interest was dower, the deed was operative to convey it. She could not separate her dower from the fee or release it except to the owner of the fee, but by joining with the owner in a conveyance which passed the fee she released her dower. (*Hoppin* v. *Hoppin*, 96 Ill. 265.) A quit-claim deed purporting to convey the interest of a widow in premises in which she has dower will operate to release the dower to the owner of the fee. (*Fletcher* v. *Shepherd*, 174 Ill. 262.) Under our statute it is not necessary that there should be any showing in the body of the deed or in the acknowledgment that dower is released or relinquished. Where a wife joins her husband in a deed by signing it, it will operate as a valid relinquishment of her dower although the body of the deed does not describe her as a grantor or name her or her dower. (*Johnson* v. *Montgomery*, 51 Ill. 185; *Lancaster* v. *Roberts*, 144 id. 213.) Cases relating to the release and waiver of the right of homestead, which, by the statute, must expressly appear in the deed or

mortgage and acknowledgment, have no bearing on this question.

It is contended, however, that petitioner might still claim dower in the premises on account of a provision in the decree of foreclosure. When the trust deed was foreclosed she was one of the defendants, and answered that she executed the trust deed as security for Alexander B. Campbell, the maker of the note. She admitted that her right of dower was subject to the lien of the trust deed, but insisted that, Alexander B. Campbell being the principal debtor, his interest should be first sold. She asked that her dower should not be sold unless the estate of Alexander B. Campbell in the premises did not bring sufficient money to satisfy the decree. She also filed a cross-bill, setting up that she was the surety and that the estate of Alexander B. Campbell should be first sold; that if his estate should produce enough to satisfy the decree her dower should be released from the encumbrance, and that her dower should only be sold in the event the interest of the maker of the note would not produce sufficient money to pay the debt and costs. The master to whom the issues in the foreclosure suit were referred reported that at the time of the execution of the trust deed she was entitled to dower in the premises, and recommended that the premises should be sold, and, after payment of the amount due on the decree, if there should be a surplus, she should be paid such amount as her dower in the premises would be worth according to the life tables. She excepted to the master's report on the ground that he ought to have found, according to the prayer of her answer and cross-bill, that the interest of Alexander B. Campbell should be first sold. The decree of sale recited that the master's report was approved and confirmed and the exceptions overruled, "except that part thereof relating to dower estate of Charlotte C. Campbell, upon which claim for dower this court does not pass in this case." The court, by the decree, found

the amount due, and ordered that in default of payment by the defendants, or one of them, the premises should be sold, and if not redeemed the defendants should be forever barred and foreclosed of and from all right or equity of redemption, or claim of, in and to said premises, or any part thereof, and the master should execute a good and sufficient deed of conveyance to the legal holders of the certificate of sale. The master reported that he advertised and sold the premises for the amount of the decree. The report was confirmed, and the defendants did not redeem.

It was conceded by the petitioner in the foreclosure suit that her dower was subject to the lien and liable to be sold, and her only claim was, that the interest of Alexander B. Campbell should be sold first, and her dower only resorted to if it was needed. She excepted to the master's report on that question. The court must have necessarily passed on that question one way or the other, but by a most singular recital in the decree stated that the court did not pass on it. The court, nevertheless, proceeded to order the entire title sold, with no provision that the right of dower should be sold last, which, in effect, overruled the exception. The whole title was offered and sold, including petitioner's right of dower, and the sale was confirmed. The question whether the court ought to have provided for a different method of sale cannot be raised in this suit. If the petitioner, being a surety, had a right to have her interest sold last, she could only assert it in that suit, and the decree can not be reviewed now. If the decree of foreclosure left the question open whether the trust deed was operative to release the dower, as contended, it would avail the petitioner nothing, for the reason that the dower was released by the trust deed, as before stated.

The decree of the circuit court is affirmed.

*Decree affirmed.*